LOUISA M. BECKER, Respondent, v. OSROE A. CLARK, as
Administrator, etc., of CLARK O. SIMPSON, Deceased,
Appellant.

First Department, November 23, 1917.

**Insurance — life insurance — assignment of policy to secure advances
— action by assignee — evidence — burden of proof.**

Where an assured in his application for a policy of life insurance stated
that the insurable interest of the assignee was "to secure financial
obligation to be incurred for like amount," the assignee on the death
of the assured can recover only such amount as remained due and owing
to her at the death of the assured, and the burden of proving the amount
due is upon her.

Hence, where in an action by such an assignee there is no finding as to a
specific amount of the advances to the assured remaining due at his
death, and no evidence to support such a finding, a judgment in favor of
the plaintiff for the amount of the policy should be reversed and a new
trial granted.

SMITH, J., and CLARKE, P. J., dissented, with opinion.

APPEAL by the defendant, Osroe A. Clark, as administrator,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York
on the 30th day of March, 1917, upon the decision of the
court after a trial at the New York Special Term.

*Robert Ramsey*, for the appellant.

*Sol Tekulsky*, for the respondent.

DAVIS, J.:

The action was brought against the Union Central Life
Insurance Company of Cincinnati, Ohio, on a policy for
$5,000 on the life of Clark O. Simpson, payable to his estate.
The plaintiff claimed under a written assignment executed by
the assured. The administrator of the deceased, having made
claim to the policy, was impleaded and the money was paid
into court, and the contest is now between Miss Becker,
the assignee of the policy, and the administrator of the assured.

The policy is dated April 20, 1915. The assignment is
dated April 30, 1915. In the supplemental complaint it is
alleged that on the 30th day of April, 1915, the assured duly

assigned to the plaintiff the said policy as her interest may appear, and that the assured duly delivered the policy with the assignment attached for a good and valuable consideration advanced to or for the assured by plaintiff and · to secure repayment to the plaintiff of any and all moneys advanced by her to or for the assured. The complaint also alleges that the plaintiff advanced to the assured $5,000 and upwards, which sum was due and owing to her at the time of the death of the assured on or about July 19, 1915. These allegations were denied in the answer, and judgment was demanded dismissing the complaint and for the payment to the defendant of the money deposited in court. The learned court at Special Term found the fact of the delivery of the assignment and the policy to the plaintiff, as her interest might appear, as security for the repayment of advances. But the court did not find that $5,000 of these alleged advances remained due at the death of the assured. It made no finding as to a specific amount. The nearest approach to such a finding is the third: " That during the life time of the insured, the plaintiff advanced and caused to be advanced to or for him, moneys which remained due and owing to her at the time of the death of the insured." However, the court rendered judgment in favor of the plaintiff for the full amount of the policy. In our opinion the judgment has no support in the findings of the learned court, and for that reason it should be reversed.

The assignment upon which this action is brought was given and received as collateral security for the repayment to the plaintiff of money to be advanced to the assured. The assignment is on the printed form furnished by the company. At the top of the instrument is an instruction to use this form when the policy is pledged as security for indebtedness. The assignee is Louisa M. Becker, " creditor, * * * as her interest may appear." Near the end of the assignment are the words " B-Creditor form." Furthermore, in his application for the policy, dated March 22, 1915, the assured stated that the insurable interest of the assignee was " to secure financial obligation to be incurred for like amount," that is, $5,000, the amount of the policy. Under these circumstances the plaintiff can recover only such amount as

remained due and owing to her at the death of the assured, and the burden of proving the amount due was upon her. (*Elsberg* v. *Sewards*, 66 Hun, 28.) The court has found that some moneys were due at that time, but has made no finding that the sum of $5,000 was due. The finding does not support the judgment. Nor does the evidence support the judgment, for nowhere does it appear that the assured owed the plaintiff $5,000 at his death. Thus the allegation of the complaint essential to the recovery of a judgment for $5,000, that plaintiff advanced that amount, and that it was due and owing to her at the time of the death of the assured, was neither shown by the evidence nor found by the court. Furthermore, the third finding of fact is broader in its scope than the evidence warrants. We might infer from that finding that the assignment in question was given to secure all advances made at any time during the lifetime of the assured, whereas the assured in his application for the insurance states that the policy is " to secure financial obligation *to be incurred* for like amount." For this reason the third finding of fact should be reversed. The second finding of fact is open to the same objection and should be reversed. The fifth finding of fact and the first, second and third conclusions of law are also reversed.

The judgment is reversed and a new trial granted, with costs to the appellant to abide the event.

SCOTT and SHEARN, JJ., concurred; CLARKE, P. J., and SMITH, J., dissented.

SMITH, J. (dissenting):

The action was brought against the Union Central Life Insurance Company on a policy for $5,000 on the life of one Clark O. Simpson, deceased, plaintiff claiming the entire proceeds of the policy under an assignment of the policy. The administrator of the deceased also claimed the proceeds of the policy. The insurance company paid the money into court, and impleaded the administrator as a party defendant.

The policy in question was procured by the insured for the stated purpose of assigning it " to secure financial obligation to be incurred for like amount." The assignment of the policy reads as follows:

" In consideration of $5,000, the receipt of which is hereby acknowledged, I hereby assign the above described policy of insurance unto Louisa M. Becker, creditor * * * as her interest may appear * * *."

The administrator, therefore, is *prima facie* entitled to the proceeds of the policy subject to the claim of the assignee to the extent of her interest as shown by her. Plaintiff was barred by section 829 of the Code from swearing to transactions between her and the deceased in the establishment of her interest, but points to the assignment itself, wherein the consideration is expressed as being equal to the face of the policy, *and the receipt thereof expressly acknowledged.* Plaintiff, therefore, makes proof of the extent of her interest, which she claims to be due and owing at the date of the death of the insured, and the burden of combating this proof rests on the administrator. The administrator made no attempt at any proof, but rested on plaintiff's case, and now seeks to reverse the judgment on the ground chiefly that the finding of the court that " moneys " were advanced, without stating the amount of such moneys, is insufficient to support the judgment. We are of opinion, however, that the court must find that the recital in the assignment, in the absence of proof to the contrary, established the payment of $5,000 by the plaintiff to the insured. There was no claim made by defendant of the refund of any of this money, and plaintiff cannot be required in the first instance in view of the written admission of the insured to prove the negative fact of there not having been any such refund.

The judgment appealed from should be affirmed, with costs to respondent.

The third finding of fact should be modified to read that " During the lifetime of the insured, the plaintiff advanced and caused to be advanced to or for him, the sum of $5,000, which remained due and owing to her at the time of the death of the insured."

CLARKE, P. J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event. Order to be settled on notice.