### HENRICH v. PRIOR ET AL.

[No. 12,064. Filed March 17, 1925. Rehearing denied June 25, 1925. Transfer denied February 19, 1926.]

1. INSURANCE.—*Insured may not revoke appointment of beneficiary and name another in her stead when policy is payable to his wife unless the policy reserves that right.*—Where a policy of insurance on the life of a husband is payable to his wife, without right or power in the husband to revoke the appointment of the beneficiary and to name another in her stead, no such right exists; the policy, in such case, being the property of the wife and the husband has no control over it. p. 214.

2. INSURANCE.—*Insured may reserve the right to change the beneficiary, and when this is done in accordance with the terms of the policy, the former beneficiary no longer has any interest therein.*—An insured may reserve the right to change the beneficiary without the latter's consent, and when such a change has been made in accordance with the terms of the policy, it is binding on the former beneficiary, and he or she no longer has any interest therein. p. 214.

3. INSURANCE.—*Where right to change beneficiary was reserved a change made same day not invalidated by assignment of policy before the change was made.*—Where a life insurance policy reserved the right to the insured to change the beneficiary, a change making the policy payable to his estate and an assignment of the policy to a creditor made on the same day were valid although the insured had concluded to assign the policy before the change in beneficiary was made (*Indiana Nat. Life Ins. Co.* v. *McGinnis*, 180 Ind. 9, distinguished). p. 214.

From Vanderburgh Probate Court; *Elmer Q. Lockyear*, Judge.

Action by Lillian M. Henrich against Frank Prior and others. From a judgment for defendant Prior, the plaintiff appeals. *Affirmed.* By the second division.

George K. Denton and Winfred K. Denton, for appellant.

Leo H. Fisher, for appellees.

McMahan, J.—Complaint by appellant on a policy of life insurance. The insurance company paid the amount due into court and was discharged from further liability. The contest is between appellant and appellee as to which one is entitled to the money. The cause was tried upon an agreed statement of facts and resulted in a judgment in favor of Prior.

The policy in question was issued in May, 1918, on the life of Theodore Henrich and was made payable to his wife, the appellant herein. It reserved to the insured the right of revocation and provided that the insured, upon written request filed with the insurance company, might designate a new beneficiary, or have the policy payable to his estate, such change to take effect only when indorsed on the policy. It also provided that no assignment of the policy should be binding on the company unless the original assignment or a duplicate thereof be filed with the company at its home office. The insured died in March, 1924, and after suit, the amount due on the policy was paid into court for the use of the proper party. On May 20, 1922, the insured, as evidence of a debt then owing Frank Prior, gave him a note for $5,000. On the face of this note was the statement that it was secured by an assignment of the policy in question. On the same day, the insured executed a writing reciting that, under the right given in the policy, he revoked the appointment of his wife as beneficiary, and requested that the policy be changed and made payable to his estate. A duplicate of this revocation and request was sent to the insurance company and was by it attached to the policy. At the time of executing said revocation, the insured also, in writing, assigned the policy to Frank

Prior as security for the payment of said note. This assignment was sent to the insurance company along with the written revocation, and also attached to the policy by the insurance company, at which time, the insurance company made a written statement on the policy to the effect that the appointment of appellant as beneficiary had been revoked according to the right reserved to the insured, and that the company agreed the policy should be payable to the executors, administrators or assigns of the insured. The policy, with said indorsements on it, was then sent to appellee Frank Prior who ever since has had possession thereof.

There are two questions involved in this appeal. (1) Did the insured have the right to assign the policy without the consent of his wife? (2) Was the assignment legally made?

Appellant makes no claim that there was not a sufficient consideration for the execution of the note. Neither is there any claim that any fraud was exercised in connection with changing the policy of insurance so as to make it payable to the estate or assigns of the insured. Appellant, however, insists she had an indefeasible interest in the policy which could not be taken from her and destroyed without her consent.

Appellant does not dispute the right of her husband to change the beneficiary in the policy. But she insists that the policy still belongs to her; that the extent of the right and power of her husband was to change the beneficiary, and that he had no right to assign it without her consent.

In support of her contention, appellant says that, where a policy provides the method of changing the beneficiary, such method must be followed, and if the policy provides that the change shall not become effective until indorsed on the policy, such indorsement is necessary, and that where several papers are executed

practically at the same time and one of them is invalid, all are invalid.  In other words appellant insists that, since the change in beneficiary and the assignment were both made on the same day, the transaction must be held to be invalid.

The law favors the making of reasonable provisions by a man for his wife and family.  And where a policy of insurance on the life of the husband is pay- 1, 2. able to his wife, without right or power in the husband to revoke the appointment of the beneficiary and to name another in her stead, no such right exists.  In such cases, the policy is her absolute property, and he has no control over it.  But the insured may retain the right to change the beneficiary without the latter's consent, and when such a change has been made in accordance with the terms of the policy, it is binding on the former beneficiary and she no longer has any interest therein.

Appellant concedes that her husband had the right to change the beneficiary, and to make the policy payable to his estate, and that if, after he had done so, 3. he, at some future date, concluded to assign the policy, such assignment would have been valid if made in the manner named in the policy.  She contends, however, that the evidence conclusively shows that before making the change of beneficiary he had concluded to make the assignment, and because he had concluded to make the assignment before the change in beneficiary was made, the entire transaction is invalid.  We cannot concur in this contention.  *Indiana Nat. Life Ins. Co.* v. *McGinnis* (1913), 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192, is not in our judgment of controlling influence.  The insured in that case, without the knowledge or consent of the beneficiary who had possession of the policy, and who had a vested interest in the policy, undertook to surrender it to the

insurance company and to release the company from all liability on the policy. No question as to the right of the insured to change the beneficiary or to assign the policy was there involved. That case recognizes the power of an insured to change the beneficiary when that right is reserved, as in the policy now under consideration.

The trial court, in our judgment, correctly held the change in beneficiary and the assignment of the policy in the instant case were valid and that the proceeds of the policy should be paid to Prior.

The judgment is, therefore, affirmed.