Equitable Life Insurance Company of Iowa v. Mary L. Mitchell, Appellant, and J. T. Freeman, Appellee.

Old Colony Life Insurance Company, v. Mary L. Mitchell, Appellant, and J. T. Freeman, Appellee.

Gen. No. 7,696.

402

Opinion filed September 24, 1927. Rehearing denied May 1, 1928.

ALSCHULER, PUTNAM, FLANNIGEN & JOHNSON, for appellant.

DITTUS & CHATROOP, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

This consolidated case arose upon two bills of interpleader filed by the complainant Insurance Companies against Mary L. Mitchell, sometimes known as Mary Helen Mitchell, and J. T. Freeman. Hugh J. Mitchell, in his lifetime, was insured for $1,000 in each of the companies. His wife is the beneficiary named in both policies and now claims the amounts due thereon because of the death of her said husband. Appellee, Freeman, claims them as assignee or pledgee. The causes were consolidated by agreement, and a decree entered ordering the amounts due under the policies paid to Freeman. This appeal is from that decree.

The facts are undisputed and the only question in the case concerns the right of the insured to assign the policies in question without the consent of the beneficiary. Freeman had sold Hugh J. Mitchell, the insured, 125 shares of the capital stock of a corporation for $25,000 payable in instalments. A stock certificate was issued to Mitchell and by him indorsed and delivered to Freeman as collateral security for the purchase price. A written contract was executed by the parties, but afterwards, at Mitchell's request, Freeman released the stock as collateral and accepted in lieu thereof several insurance policies, including

the two policies in question. At the same time the following memorandum was signed by the parties:

"September 10, 1924.

"In lieu of the loan of one hundred twenty-five (125) shares of the capital stock of the Joliet Warehouse & Transfer Company, held by me as collateral security on contract with H. J. Mitchell, dated March 30, 1923, I hereby accept the insurance policies hereto attached and release said stock temporarily, which is my protection in case of the death of said H. J. Mitchell.

J. T. Freeman.

"I hereby acknowledge receipt of the above one hundred twenty-five (125) shares of the capital stock of the Joliet Warehouse & Transfer Company mentioned above.

H. J. Mitchell."

Mitchell continued to pay the instalments of the purchase price of the stock and at the time of his death had paid a total of $6,200, leaving an unpaid balance of $18,000. Each of the policies contained clauses relating to change of beneficiary and assignment.

Appellant claims that the pledge of the policies passed no interest of the beneficiary to the pledgee as a creditor of the insured because it is prohibited by statute, citing Cahill's St. 1925, ch. 73, ¶ 342. And in this connection, it urges that the statute is in the nature of an exemption law, and the pledge of the policies was an attempt to give a creditor a claim on the insurance, contrary to said statute; that by the terms of the assignment the husband undertook, prior to his death, to give his creditor a right to resort to insurance to which as a creditor he would have no right by reason of its exemption under the statute.

The cases cited by appellant construing the statute relate to claims of general creditors, and no case is cited in which the statute has been applied as against the assignee of a policy; nor does the statute purport

to prohibit the assignment by a husband of a policy in which he is the insured where that right is embraced in the terms of the policy.

It is claimed that the assignment in question was an attempt to change the beneficiary, and that such a change can only be made in the manner provided in the policy. In support of this proposition, appellant has cited a number of cases where the insured had in mind a change of beneficiary, and sought to accomplish it by assigning the policy without conforming to its requirements. There is a wide difference between an assignment of an insurance policy as collateral security for a debt, and the making of a change in the beneficiary of the policy. In one policy the clause relating to a change of beneficiary provides that "the insured may, at any time, subject to the rights of any assignee, designate a new beneficiary" etc. But in our opinion the assignment of the policies in question was not an attempt to change the beneficiary. In no case cited by appellant was there an attempt to assign the policy as collateral security for a debt, with the single exception of *Hotel-Men's Mut. Ben. Ass'n v. Brown,* 33 Fed. 11.

It has been repeatedly held that provisions of a life insurance policy requiring notice of an assignment to be given to the company are for the benefit of the company and it alone may complain or object because of a failure to comply with the terms of the policy. The rule seems to be universal. (37 C. J. 431, and 14 R. C. L. 1005, sec. 183, and cases cited.) Where a written assignment is required by the terms of the policy, such requirement is for the benefit of the insurer who alone can take advantage of the want of a writing. (14 R. C. L. 1001, sec. 174.) In this case the insurers raise no question as to the validity of the assignment and admit liability.

This leaves for consideration the proposition that the assignment or pledge did not vest in the assignee

or pledgee any greater or different right than that of the assignor or pledgor. It is urged that there are two assignable interests in an insurance policy—that of the insured and that of the beneficiary, and that the insured by assigning his interest left the interest of the beneficiary unaffected, because it is said the assured cannot assign the interest of the beneficiary. Although neither the Supreme Court nor the Appellate Courts of Illinois have had this question directly presented, nevertheless, the cases of *Martin v. Stubbings,* 126 Ill. 387, and *Mayer v. Illinois Life Ins. Co.,* 211 Ill. App. 285, practically decide it. They hold that where a policy contains a provision for a change of beneficiary by the insured, the beneficiary has no vested interest, but a mere expectancy and that an assignment of the policy by the insured is valid without the consent of the beneficiary. Other jurisdictions have passed squarely upon this question. (*Slocum v. Metropolitan Life Ins. Co.,* 245 Mass. 565, 139 N. E. 816, 27 A. L. R. 1517; *In re Greenberg,* 271 Fed. 258, 20 A. L. R. 253; *Hutcherson v. Sovereign Camp, W. O. W.,* 112 Tex. 551, 28 A. L. R. 823; *Mutual Ben. Life Ins. Co. v. Swett,* 222 Fed. 200, Ann. Cas. 1917 B 298; *Rosman v. Travelers' Ins. Co. of Hartford, Conn.,* 127 Md. 689, 96 Atl. 875, Ann. Cas. 1918 C 1047; 14 R. C. L. Insurance, 998, 1376; 10 L. R. A. (N. S.) 722; 37 C. J. Life Insurance, sec. 142; and cases cited in note 7.)

Appellant claims that the case of *Martin v. Stubbings, supra,* is not applicable to the facts in this case, because it concerned a certificate in a mutual benefit society, and it is. pointed out in that case and also in *Freund v. Freund,* 218 Ill. 189, a distinction is made between the rights of the parties in mutual benefit or fraternal societies and in ordinary life insurance companies. There is a clear distinction between them. In *Martin v. Stubbings, supra,* the distinction concerned the question whether a creditor pledgee of a certificate in a mutual benefit society comes within

the class of beneficiaries for whose benefit the particular society was organized, and it held that he did not. In *Freund v. Freund, supra,* it was decided that the right of an assured to change the beneficiary would seem to exist under certificates in mutual benefit societies where the contract does not take away that right, while in ordinary life insurance policies the right does not exist, unless given by statute or contract.

It is to be observed that in *Hubbard v. Strapp,* 32 Ill. App. 541, there was no provision in the policy for the change of beneficiary nor for the assignment of the policy. In such a case the interest of the beneficiary is vested and therefore that case is not applicable to the facts in this record. *Jarvis v. Blinkley,* 206 Ill. 541, in no way militates against the views we have expressed. The other cases cited by appellant concern changes of beneficiaries by attempted assignments and are not in point.

We are of the opinion that the decree of the circuit court awarding the sums due under the two policies in question to appellee was correct and it is accordingly affirmed.

*Decree affirmed.*