DOROTHY HOEFLER, Respondent, *v.* GEORGE JAMES WHELAN, an Infant, Appellant, Impleaded with CENTRAL FUNERAL CHAPEL, INC., and METROPOLITAN LIFE INSURANCE COMPANY, Defendants.

By Original Summons

And between

GEORGE JAMES WHELAN, an Infant, by MICHAEL JAMES WHELAN, His Guardian ad Litem, Appellant, *v.* DOROTHY HOEFLER and Others, Respondents, Impleaded with METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

First Department, November 4, 1938.

*C. Parke Masterson*, for the appellant.

*Jay Raymond Levinson*, for the plaintiff, respondent.

GLENNON, J.   This appeal involves the rights of four parties in respect to the proceeds of two life insurance policies.   The dispute is between George J. Whelan, an infant, the assignee of a portion of the proceeds, and the three daughters of the insured, who were named as beneficiaries.   The Metropolitan Life Insurance Company, while a party to the action, merely asked instructions as to the manner in which it was to disburse the fund.

Upon the trial the parties agreed upon the following facts: George J. Whelan, the infant, by his guardian *ad litem*, commenced an action in the Municipal Court against the insured, Albert A. Hoefler, to recover for personal injuries.   A judgment was entered in his favor for $829.50 in January, 1936.   Subsequently, Hoefler was examined in supplementary proceedings and testified that he had no real or personal property and no life insurance.   Later it was discovered that he had the two policies with which we are now concerned.   In August, 1937, a written agreement of settlement dated August 26, 1937, was made.   It reads in part as follows: " The judgment-debtor agrees to place with the judgment-creditor his life insurance policies with the Metropolitan Life Insurance Company, numbered 10-923-998-A and 11-503-417-A  *  *  *  and agrees that in the event of his death the sum remaining unpaid on the aforesaid judgment shall be payable from the proceeds of the foregoing policies, regardless of any agreement contained in said policies to the contrary."   The agreement further provided that the debtor was to make payments on the judgment at the rate of twenty-five dollars semi-monthly.

Hoefler died on September 9, 1937, after making one payment in the sum of twenty-five dollars.   Prior to his death he selected one of the options under the policies in favor of his three daughters. However, the policies provided that he could change the beneficiaries at any time.   George J. Whelan claims that he is entitled to collect the balance due on his judgment out of the proceeds of the policies under the terms of his agreement with the assured.

In our opinion his contention is correct.   The assignment made by the debtor during his lifetime was a valid one.   Generally, where there is a right to change a beneficiary, a person who is insured may assign the proceeds of a policy.   (*Schoenholz* v. *N. Y. Life Ins. Co.*, 234 N. Y. 24; *Moskowitz* v. *Equitable Life Assurance Society*, 252 App. Div. 75.)   It must be remembered that the insured actually delivered possession of the policies to Whelan at the time the agreement was executed.   While the latter did not

file the assignment with the insurance company, that fact is immaterial since the controversy is between the beneficiaries of the policies and the appellant Whelan. The company does not contend that the assignment was invalid because of the failure to comply with certain provisions of its policies.

The judgment appealed from should, therefore, be modified by striking out the first and third decretal paragraphs thereof, and by providing in lieu thereof that judgment be rendered in favor of the defendant George J. Whelan for the amount due on his claim, and that plaintiff and defendants June and Joan Hoefler have judgment for payment of the balance of the proceeds of the policies under the modes of settlement contained in said policies, after payment of the claim of the defendant George J. Whelan and that of the defendant Central Funeral Chapel, Inc., and, as so modified, affirmed, with costs of this appeal to the appellant against the respondents.

MARTIN, P. J., O'MALLEY, UNTERMYER and CALLAHAN, JJ., concur.

Judgment unanimously modified by striking out the first and third decretal paragraphs thereof, and by providing in lieu thereof that judgment be rendered in favor of the defendant George J. Whelan for the amount due on his claim, and that plaintiff and the defendants June and Joan Hoefler have judgment for payment of the balance of the proceeds of the policies under the modes of settlement contained in said policies, after payment of the claim of the defendant George J. Whelan and that of the defendant Central Funeral Chapel, Inc., and, as so modified, affirmed, with costs to the appellant against the respondents. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.