MARGARET G. DAVIS et al., Appellants, *v.* MODERN INDUSTRIAL BANK et al., Defendants, and CHARLES H. GRIFFITHS, Respondent.

Submitted December 2, 1938; decided January 10, 1939.

*Milton M. Eisenberg, Ralph Weller* and *Hyman Bushel* for appellants. Defendant-respondent's assignment is inferior as against the named beneficiary even though the assured did reserve the right to change the beneficiary. (*Schoenholz* v. *New York Life Ins. Co.*, 234 N. Y. 24; *Muller* v. *Penn Mut. Ins. Co.*, 161 Pac. Rep. 148; *Johnson* v. *N. Y. Life Ins. Co.*, 138 Pac. Rep. 414; *Anderson* v.

*Broad Street Nat. Bank,* 105 Atl. Rep. 599; *Reid* v. *Durboraw,* 272 Fed. Rep. 99; *Greenfield* v. *Massachusetts Mut. Life Ins. Co.,* 253 App. Div. 51.) The rights of a named beneficiary in a life insurance policy where the right of revocation is reserved are more than inchoate or intangible and are in fact substantial. (*Rosenblum* v. *Manufacturers Trust Co.,* 270 N. Y. 79; *Prudential Ins. Co.* v. *Stone.* 270 N. Y. 154.)

*Charles H. Griffiths,* in person, and *Pearce H. E. Aul* for respondent. Where the right to change the beneficiary has been reserved, the insured may dispose of the proceeds of a life policy by assignment without the consent of the beneficiary. (*Moskowitz* v. *Equitable Life Assur. Society,* 252 App. Div. 75; *Wagner* v. *Theriot,* 203 App. Div. 757; 236 N. Y. 588; *Rawls* v. *Penn Mut. Life Ins. Co.,* 253 Fed. Rep. 725; *Olmsted* v. *Keyes,* 85 N. Y. 593; *Lowenstein* v. *Koch,* 165 App. Div. 760; *St. John* v. *American Mut. Life Ins. Co.,* 13 N. Y. 31; *Barbour* v. *Equitable Life Assur. Society,* 174 App. Div. 759; 225 N. Y. 675; *Maurice* v. *Travelers' Ins. Co.,* 121 Misc. Rep. 427; *Cavangaro* v. *Thompson,* 78 Misc. Rep. 687; *Johnston* v. *Scott,* 76 Misc. Rep. 641; *Mente* v. *Townsend,* 68 Ark. 391; *Mutual Ben. Life Ins. Co.* v. *Clark,* 81 Cal. App. 546; *Cheek* v. *Rice,* 30 Ga. App. 779; *Farmers State Bank* v. *Kelley,* 155 Ga. App. 733; *Henrich* v. *Prior,* 84 Ind. App. 211; *Wirgman* v. *Miller,* 98 Ky. 620; *First Nat. Bank* v. *Security Mut. Life Ins. Co.,* 283 Mo. 336; *Lemley* v. *McClure,* 122 Penn. Super. Ct. 225.)

HUBBS, J. Clarence M. Davis, on June 1, 1932, procured from the Prudential Life Insurance Company a $5,000 straight life policy of insurance on his own life, dated that day. His wife, Eleanor H. Davis, was the named beneficiary. The policy contained clauses reserving to the insured the right to change the beneficiary and to assign the policy. The insured, Clarence M. Davis, died October 26, 1936.

The plaintiffs commenced an action against the insurance company to recover the proceeds of the policy. There being other claimants, the insurance company impleaded the several claimants and paid the proceeds of the policy into court to the credit of the action. The respondent Griffiths by answer alleged that the insured, Clarence M. Davis, by an instrument in writing, assigned the policy to him " as his interest may appear " to protect him on account of his indorsement of the assured's note, paid by respondent, upon which there remained due and unpaid to respondent $3,357.25, and which sum respondent contends he became entitled to receive from the proceeds of the policy. There is no claim that the beneficiary paid the premiums on the policy or that she was named as beneficiary pursuant to the terms of a contract.

The plaintiffs moved for summary judgment, which was granted at Special Term, and defendant Griffiths' counterclaim was dismissed. The Appellate Division reversed and granted summary judgment in favor of defendant Griffiths for the amount of his counterclaim. The facts are not in dispute. Only a very interesting question of law is involved. That question is whether the rights of the beneficiary named in the policy are superior to the rights of the assignee of the policy, the assignment having been taken from the insured in good faith for a valuable consideration but without the knowledge or consent of the beneficiary named in the policy.

The right to change the beneficiary named in the policy was reserved by the insured; also the right to assign the policy. The policy provided:

" If the right to change the Beneficiary has been reserved, the Insured may at any time while this Policy is in force, by written notice to the Company at its Home Office, change the Beneficiary or Beneficiaries under this Policy, such change to be subject to the rights of any previous assignee and to become effective only when a provision to that effect is endorsed on or attached to the

Policy by the Company, whereupon all rights of the former Beneficiary or Beneficiaries shall cease."

" Any assignment of this Policy must be in writing, and the Company shall not be deemed to have such knowledge of such assignment unless the original or a duplicate thereof is filed at the Home Office of the Company. The Company will not assume any responsibility for the validity of an assignment."

It is not questioned that the assignment in question was in writing and duly filed with the company at its home office as required by the terms of the policy. The fact that the beneficiary named in the policy was the wife of the insured does not affect the question here involved. It is urged by the appellants that the only interest taken by respondent Griffiths under the assignment was that which the assignor, the insured, po sessed, *i. e.*, to have his estate take under the policy in case of the death of the beneficiary before the death of the insured; also the right to appoint a new beneficiary in case the insured survived the beneficiary, or to change the beneficiary in the exact method provided in the policy. The position of the respondent is that the written assignment conveyed to him an interest in the proceeds of the policy sufficient to require payment to him of the amount due him from the insured.

Concededly an assignment of a policy by the insured will not convey any interest as against the beneficiary named in the policy unless the right to change the beneficiary is reserved therein. It makes no difference what the interest of the beneficiary is denominated, as a vested interest or by some other name. In any event it is such an interest that the beneficiary cannot be deprived of it without consent unless such right is reserved in the policy. (14 R. C. L. p. 1387; *Shipman* v. *Protected Home Circle*, 174 N. Y. 398, 407.) That is the law in every jurisdiction in this country except Wisconsin. (*Boehmer* v. *Kalk*, 155 Wis. 156; Richards on The Law of Insurance [4th

ed.], p. 557.) That rule is known as the vested interest rule. It was because the law had become settled to the effect that an insured could not change the beneficiary or assign a policy that the insurance companies, in answer to an extensive demand therefor, provided in some policies that the insured reserved the right to change the beneficiary and to assign the policy. (31 Yale Law Journal, p. 358.) The very purpose of reserving the right to change the beneficiary and to assign the policy was to overcome the old rule that the beneficiary had a valuable interest which could not be incumbered or changed by the insured without the consent of the beneficiary. When those privileges are reserved in an attempt by an insured to retain control of the policy for which he has paid, the courts have determined that the interests of the parties are affected in either of two ways.

The first view is that the insured takes no rights in the policy during the life of the beneficiary; that he has merely the power to divest the named beneficiary of his rights and to vest those rights in a new beneficiary; that he has power only to revoke the appointment already made and make a new appointment, such power to be exercised only in the manner provided in the policy. That rule is sometimes spoken of as the New Jersey rule. (*Sullivan* v. *Maroney*, 77 N. J. Eq. 565.) The second view is that the insured, by reserving the right to change the beneficiary and to assign the policy, retains the beneficial ownership of the policy during life, and that the naming of a beneficiary constitutes only an instruction to the company to pay at his death to the person named unless such instruction is changed by the insured. Under this view of the law the beneficiary has a mere expectancy or vested interest subject to be divested or an inchoate right depending entirely upon the will of the insured. (*Slocum* v. *Met. Life Ins. Co.*, 245 Mass. 565, 570; *Quist* v. *Western & Southern Life Ins. Co.*, 219 Mich. 406.) The beneficiary has no interest in the form provided in

the policy for assigning it, that being a provision inserted for the benefit of the company which it can refuse to assert, sometimes improperly called a waiver. (See Richards on The Law of Insurance [4th ed.], pp. 565, 566.)

There is no controlling decision in this jurisdiction on the question here involved. In various opinions there may be found statements which indicate conflicting views. We are at liberty, therefore, to adopt the view which seems to us to be supported by the best reasons. The following cases have adopted the so-called vested interest or New Jersey rule and hold that a beneficiary cannot be deprived of his interest by a change of beneficiary, or his interest incumbered, without his consent even where the insured has reserved the right to change the beneficiary and to assign the policy unless the change is made in the exact form provided in the policy: *Barbin* v. *Moore* (85 N. H. 362; 83 A. L. R. 62); *Strickland* v. *Dyer* (192 Ark. 462); *Sullivan* v. *Maroney* (*supra*); *Neary* v. *Met. Life Ins. Co.* (92 Conn. 488); *Nuller* v. *Penn Mut. Life Ins. Co.* (62 Col. 245); *Farra* v. *Braman* (171 Ind. 529); *Douglas* v. *Equitable Life Assur. Society* (150 La. 519); *Goldman* v. *Moses* (287 Mass. 393).

Many other cases hold that where the right to change the beneficiary has been reserved by the insured, he becomes the beneficial owner of the policy and may do with it as he pleases, and that the beneficiary has only an expectancy or a vested interest which may be divested by his death previous to that of the insured, or by the exercise by the insured of his reserved right to change the beneficiary. (*Bank of Belzoni* v. *Hodges*, 132 Miss. 238; *Merchants Bank* v. *Garrard*, 158 Ga. 867; *Mente* v. *Townsend*, 68 Ark. 391; *Mutual Benefit Life Ins. Co.* v. *Clark*, 81 Cal. App. 546; *Henrich* v. *Prior*, 84 Ind. App. 211; *Jenkins* v. *Union Cent. Life Ins. Co.*, 112 Kan. 552; *Crice* v. *Illinois Life Ins. Co.*, 122 Ky. 572; *Douglas* v. *Equitable Life Assur. Society*, 150 La. 519; *First Nat. Bank* v. *Security Mut. Life Ins. Co.*, 283 Mo. 336; *Stevens*

v. *First Nat. Bank*, 117 Okla. 148; *McNeil* v. *Chinn*, 45 Tex. Civ. App. 551; *Equitable Life Assur. Co.* v. *Mitchell*, 248 Ill. App. 401; *Taylor* v. *Southern Bank & Trust Co.*, 227 Ala. 565; *Potter* v. *Northwestern Mut. Life Ins. Co.*, 216 Iowa, 799; *Wentworth* v. *Equitable Life Assur. Soc.*, 65 Utah, 581; *Antley* v. *New York Life Ins. Co.*, 139 S. C. 23 [expressly overruling earlier cases in that State which held to the contrary]; *Lemley* v. *McClure*, 122 Pa. Super. Ct. 225 [expressly refusing to follow the earlier contrary decision in *Barner* v. *Lyter*, 31 Pa. Super. Ct. 435].)

The cases in the Federal courts are to the effect that a beneficiary does not have an interest in a life insurance policy superior to that of an assignee where the right to change the beneficiary and to assign the policy is reserved. (*Ætna Life Ins. Co.* v. *Phillips*, 69 Fed. Rep. [2d] 901; *Matter of Hogan*, 194 Fed. Rep. 846; *Malone* v. *Cohn*, 236 Fed. Rep. 882; *Rawls* v. *Penn. Mut. Life Ins. Co.*, 253 Fed. Rep. 725 [although there was a dissenting opinion in that case a petition for a writ of certiorari was denied, 249 U. S. 614].)

In those jurisdictions it has been held that the provisions of a policy providing the form and procedure for assigning a policy are provisions inserted in the policy for the benefit of the insurance company, and if not insisted on by the company cannot be availed of by the beneficiary. (Richards on The Law of Insurance, p. 566.) There is a marked distinction between the right reserved by an insured to change the beneficiary and the right to assign the policy. (*Mutual Benefit Life Ins. Co.* v. *Swett*, 222 Fed. Rep. 200; *Ehlerman* v. *Bankers Life Co.*, 199 Iowa, 417; *Mutual Benefit Life Ins. Co.* v. *Clark*, *supra*.) In the case at bar no attempt was made to change the beneficiary.

The leading textbook writers and writers of law review articles favor the view last expressed. (Cf. Richards on The Law of Insurance, p. 564; Vance on The Law of Insurance, p. 559; 6 Couch, Cyc. of Ins. Law, pp. 5233, 5234; 2 Cooley's Briefs on Insurance [2d ed.], p. 1805;

37 C. J. p. 434; 14 R. C. L. p. 998; 60 A. L. R. p. 191; " The Beneficiary's Interest in a Life Insurance Policy " by Prof. Vance, 31 Yale L. J. p. 343; 73 U. of Pa. L. Rev. p. 295; 85 U. of Pa. L. Rev. p. 203; 32 Col. L. Rev. p. 1071; 11 N. C. L. Rev. p. 169.)

It is a matter of common knowledge that since the depression of 1929 the use of life insurance policies as collateral upon which to raise much needed funds has become more common. (Cf. " Power of Pledgee of Life Insurance Policy to Exercise Surrender Options," 48 Yale L. J. 315.)

" It is desirable that the insured should have the opportunity of making free commercial use of his life insurance as available property, for it may often be convenient to secure money, by loan or otherwise, upon it." (Richards on The Law of Insurance [4th ed.], p. 678.)

Appellants rely heavily upon the case of *Schoenholz* v. *New York Life Ins. Co.* (234 N. Y. 24). The decision in that case does not tend to sustain their contention, although there are expressions in the opinion which, standing alone, are susceptible of the construction contended for by the appellants. In that case the insurer defended the action brought by one claiming to have been substituted as beneficiary, in place of the beneficiary named in the policy, by an oral agreement. Its defense was based upon the ground " that no proper steps were ever taken, as might have been, to substitute her as a beneficiary." In the opinion it was said: " Plaintiff, therefore, must rely for recovery upon a designation of herself in the place of the original beneficiary and this she neither shows nor excuses." The court held that the insurance company " has a right to insist that there shall be compliance with the provisions of its policy." The plaintiff, having failed to prove compliance with the provisions of the policy applicable in securing a change of beneficiaries, and that defense having been interposed by the insurance company, the sole decision of the court

was that the plaintiff could not recover. The court did not decide that if, as in the case at bar, there had been a written assignment based upon a valuable consideration, filed with the insurance company as required by its policy, and the company had refused to defend, then the beneficiary might have successfully done so.

It seems to us that upon principle as well as weight of authority the Appellate Division has reached the correct conclusion and that the insured, having reserved the right to change the beneficiary and assign the policy, did all that the law required him to do to constitute a valid transfer of the proceeds of the policy to the assignee, to the extent of the indebtedness thereby secured, in the absence of objection on the part of the company. There is some authority in this court sustaining the view of the Appellate Division. (*Wagner* v. *Thieriot*, 236 N. Y. 588, affg., 203 App. Div. 757, on the opinion below; *Travelers Ins. Co.* v. *Healey*, 25 App. Div. 53; affd., on opinion below, 164 N. Y. 607 [also in Supreme Court]; *Hoefler* v. *Whelen*, 255 App. Div. 321; *Moskowitz* v. *Equitable Life Assur. Soc.*, 252 App. Div. 75.)

From an every day, practical standpoint it is desirable to hold that an assignee of a policy containing a clause permitting a change of beneficiary and an assignment of the policy secures a right in the proceeds of the policy superior to the rights of the named beneficiary. If an assignee, in the absence of the consent of the beneficiary, does not obtain such right it will be practically impossible for an insured to borrow on a policy in time of need of financial aid in those cases where compliance with the form prescribed in the policy cannot be followed. No bank or individual would be likely to lend on the security of a policy where the right to enforce the reduction of the security to cash would only mature in case the insured outlived the beneficiary, and where the continued life of the policy depends upon the payment of the annual premium. As stated in the case of *Matter of Whiting* (3

Fed. Rep. [2d] 440, 441): " To hold that the beneficiary of such policy has a vested interest would be tantamount to destroying the ' changed beneficiary ' provisions of the policy itself." (Cf. Vance on Law of Insurance [2d ed.], p. 646; 48 Yale L. J. 315.)

That the question is a practical one is illustrated by the large number of decisions involving the issue.

The judgment should be affirmed, with costs.

CRANE, Ch. J. (dissenting). The policy as stated in the opinion provided: " * * * such change to be subject to the rights of any previous assignee and to become effective only when a provision to that effect is endorsed on or attached to the Policy by the Company, whereupon all rights of the former Beneficiary or Beneficiaries shall cease." The opinion fails to state that the assignee failed to procure the indorsement required to make the assignment effective. Judge HUBBS states that the indorsement is for the benefit of the company and may be waived. If this be so then it rests arbitrarily with the insurance company whether the beneficiary or assignee be paid. The better law, in my judgment, is to take agreements as they are written and made by the parties. Anybody reading the clear language, that no assignment is to be effective until the assignment is indorsed on or attached to the policy by the company, would naturally think that it meant what it said.

I dissent.

LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur with HUBBS, J.; CRANE, Ch. J., dissents in opinion in which RIPPEY, J., concurs.

Judgment affirmed.