In the Matter of the Estate of Auguste Schnitzler, Deceased.

Surrogate's Court, New York County, February 24, 1943.

*Moss & Merrell* for Title Guarantee & Trust Company, petitioner.

*Joseph A. Cox* for James F. Egan, Public Administrator of the County of New York, respondent.

*Topken & Farley,* respondents in person.

*Leo T. Crowley,* Alien Property Custodian, respondent.

*Thomas B. Dyett,* special guardian for Joachim H. Schmidt, an infant.

DELEHANTY, S. The special guardian here argues that section 17-c of the Personal Property Law is unconstitutional. He has presented cogently the facts asserted by him to support that conclusion. He argues that these facts present an operative effect of the statute which has had no consideration by the Court of Appeals; and so argues that this court must consider the question anew. The facts established by him show beyond challenge that the combination of statutory compulsion on principal account to advance new money to pay the expenses of salvage plus the compulsory and nonrecoverable appropriation of so-called " income " to the income beneficiary during the salvage operation here has resulted in the transfer of new capital advances to income though capital was deprived of its entire original investment. The fact is that if the entire difference between gross income and operating outgo of this salvage operation (disregarding as outgo in this computation the capital advances made in the original acquisition of the property) were to be considered " income " and be handed over to the life tenant there was not enough " income " in this whole salvage operation to meet the statutory standard of what income account got under the statute and is entitled under the statute to keep in all events. In this salvage operation — as the special guardian points out — the statutory requirement for annual ascertainment of so-called " income " and for payment therefrom of up to three per cent on the principal amount invested (though that principal was wholly lost) *resulted over the whole salvage period in taking for income account more than the whole of what the property earned in that period.* The deficit in so-called " income " was made up by taking principal, of course. This taking of new principal is *commanded* by the statute by requiring principal to pay the losses in bad years and giving income three per cent of the face of the original investment in good years.

By giving income account an assured three per cent (if earned) on a nonexistent principal in every twelve-month period in which the current income exceeds the current outgo there is assured to income account a return larger than is now possible on current legal investments. This return is guaranteed by the statute by making principal account take all the losses whenever current outgo in the applicable twelve-month period exceeds current income. Such is the " heads I win —

tails you lose '' operation of the statute, as shown by the special guardian's proof.

He argues that this operative effect of the statute was not present in the record reviewed by the Court of Appeals in *Matter of West* (289 N. Y. 423) and that this court has the duty to act to prevent the plain expropriation of other people's money to income account. His contention is soundly made when he says that the result of this salvage operation (total loss of the old capital and loss of the new as well) is not insured against in any salvage operation; and that no one can foresee at the beginning of or at any time during a salvage operation whether a payment out of so-called '' income '' will not turn out to be an expropriation of capital. Principal account can never know until a sale whether the new capital it is compelled to invest will be recovered. Since the current payment to income account commanded by the statute is never recoverable even when (as in this salvage operation) part of the commanded payment is derived from *new* capital invested, the special guardian argues that the statute is shown to be unconstitutional for a reason never stated heretofore. If the statute must be tested by what its operation *may* do and not by what it does in some favorable circumstances, there is no denial possible of the special guardian's contention.

The statutory command that income account be paid up to three per cent of the *face* of a mortgage (even if it be without any value) whenever in a statutory twelve-month period the current income and outgo leave a surplus for such a payment constitutes the heart of the statute. If that command is not valid in *every* salvage operation it seems to this court that it is not valid in any. The statutory command violates every concept of sound business administration and the result of it in the present case is startling. But this court is bound to leave to the Court of Appeals all questions concerning the statute and must overrule the objections of the special guardian. The grave importance of the issue warrants the special guardian in asking that court to reconsider its decision in the light of the present record. A great service to the administration of estates may be rendered by the parties if direct and prompt appeal is taken to that court.

Submit, on notice, decree settling the account accordingly.