## BRAND v. ERISMAN et al.
## No. 9751.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 19, 1948.

Decided Dec. 13, 1948.

Mr. W. C. Sullivan, of Washington, D. C., for appellant.

Mr. Irving B. Yochelson, of Washington, D. C., with whom Messrs. Solomon Grossberg and Isadore Brill, both of Washington, D. C., entered appearances, for appellees Percival H. Erisman, Jr., and Everett G. Carroll.

Mr. John E. Powell, of Washington, D. C., with whom Messrs. Arthur P. Drury and John M. Lynham, both of Washington, D. C., were on the brief, for appellee The Connecticut Mutual Life Insurance Company.

Before EDGERTON, PRETTYMAN, and PROCTOR, Circuit Judges.

EDGERTON, Circuit Judge.

In 1942 Robert A. Brand, Malissa H. Carroll and Percival H. Erisman, Jr., entered into partnership as Robert A. Brand & Company. The partnership agreement provided that if a partner died during the continuance of the partnership the value of his share or the amount of his contribution should be paid to his representative or next

of kin and that, to facilitate payment, the firm would take out insurance at its expense on the life of each partner in an amount not less than the value of his share. Accordingly the firm purchased from appellee Insurance Company a policy on the life of each partner. In each policy the spouse of the insured partner, and the other two partners, were named as beneficiaries. The right to receive dividends and other benefits, to change the beneficiary, and to assign the policy, all without consent of any other person, was reserved to the firm or its assigns. Brand's contribution to the firm was $35,000 and his life was insured for $35,000.

In 1945 the three partners sold and delivered to appellees Everett G. Carroll and Percival H. Erisman, Jr., "all of the assets" of the Brand firm including all "contracts, * * * rights or choses in action * * * subject however, to all of the debts and obligations against the said partnership * * *." A firm composed of Erisman and Malissa H. Carroll, called Blair Manufacturing Company, afterwards had possession of the policy on Brand's life and paid all the premiums. Brand died in 1946. Blair Manufacturing Company surrendered the policy on his life to appellee Insurance Company and received its proceeds. Appellant, widow of Brand and one of the three beneficiaries named in the policy, claims she should have received the proceeds.

▮▮▮ The Brand firm purchased the policy to discharge an existing obligation of the firm and to enable the firm to discharge a future obligation. The terms of the policy gave the firm complete control over it. As an asset of the firm it was assigned when the firm assigned all its assets and delivered the policy to the assignees.

There can be no doubt that the assignment ended the rights of the beneficiaries named in the policy, for the policy expressly provided that "The interest of any beneficiary or beneficiaries shall be subject to any assignment of this Policy made as provided herein." Apparently the terms of the policy regarding the form and procedure of assignment were later complied with, but we need not consider that question. "The provisions of a policy providing the form and procedure for assigning a policy are provisions inserted in the policy for the benefit of the insurance company, and if not insisted on by the company cannot be availed of by the beneficiary." [1] Regardless of its form the assignment ended appellant's interest in the policy.[2]

▮▮▮ Appellant also claims the members of the Brand firm were bound to pay to Brand's estate, out of the proceeds of the policy, the value of Brand's share in the firm or the amount of his contribution, and that appellees Erisman and Carroll, as assignees of the Brand firm, succeeded to this obligation. On the contrary, the obligation the Brand firm assumed regarding insurance on the lives of the partners was plainly limited to the life of the firm. A partnership even for a fixed term is consensual and is dissolved by an act of all the partners intended to dissolve it. The sale of all the property of the Brand firm was such an act.[3] It does not appear how the proceeds of the sale were distributed. But appellant makes no claim that Brand did not receive out of those proceeds the full amount the policy was intended to secure.

We think it clear that no genuine issue of fact was involved and the court was right in awarding summary judgment to the appellees.

Affirmed.

[1] Davis v. Modern Industrial Bank, 279 N.Y. 405, 412, 18 N.E.2d 639, 642, 135 A.L.R. 1035.

[2] Cf. Davis v. Modern Industrial Bank, supra; Note, 135 A.L.R. 1040, 1048.

[3] Cf. Thompson v. Bowman, 6 Wall. 316, 18 L.Ed. 736.