OPINION OF THE COURT
J. Robert Lynch, J.
The petitioner owns the Watertown Daily Times, a newspaper circulated throughout northern New York. It concedes that New York does not recognize a Federal constitutional right of the public, and hence, the press, to access to court documents. It believes that the facts underlying this motion make such recognition necessary. We are constrained to disagree.
On January 16, 1986, Charles Fedora was arraigned before the respondent City Judge on accusations of two murders. The accusatory instruments were supported by affidavits of six people. These documents were filed with the respondent Court Clerk. The accusatory instruments, without the affidavits, were made available to the press. The press asked to see the affidavits. The Judge refused because the police had asked him to withhold them, telling him there was an ongoing investigation. The Judge states that he also realized that release of some of the information in the affidavits might jeopardize Fedora’s right to a fair trial. The respondent Court Clerk refused access to the affidavits because of the Judge’s order.
Five days later — there was an intervening holiday weekend —the Judge held a preliminary hearing on the charges. The defendant, Fedora, moved to close the hearing to the public. *73 The District Attorney agreed to a limited closure. An attorney representing the petitioner requested that the hearing be entirely open. After the latter’s arguments, the Judge ruled that the hearing would be open except for that testimony which might be subject to a later suppression motion. The hearing was open, except for part of the testimony of a witness named Bedore, who was one of the affiants who supported the accusatory instruments. At the conclusion of the hearing, the Judge opened to the press all the supporting affidavits withheld at the arraignment except Bedore’s.
By this CPLR article 78 proceeding the petitioner contends that it was an unconstitutional infringement of the freedom of the press to have withheld all of the affidavits at the arraignment and Bedore’s affidavit at the preliminary hearing. No issue is raised of the closure of the preliminary hearing. No issue is raised of any common-law or statutory right of access to the affidavits. The sole issue is whether the public, and, by extension, the press, has a right of access to these documents granted by the US Constitution 1st Amendment.
A concession that New York has not recognized such a right does not mean that the question is undecided here. The answer is subsumed in a broader sweeping decision of the Court of Appeals in 1954. Matter of United Press Assns. v Valente (308 NY 71) held that the public and the press were not guaranteed a right of access to court proceedings by the US Constitution 1st Amendment. The court reinforced that decision in 1979 by stating that the existence of such a Federal constitutional right was "not an open question in this State” (Matter of Westchester Rockland Newspapers v Leggett, 48 NY2d 430, 443). The court went on to state that New York courts were not constrained to a contrary result by any United States Supreme Court decision because the then most recent case in that court, Gannett Co. v DePasquale (443 US 368), refused to decide the question.
The petitioner calls our attention to rulings in some other States and lower Federal courts, which it contends should persuade us in its favor. Other States may be considered when there is no controlling precedent here (see, Davis v Modern Indus. Bank, 279 NY 405, 411). The same is true for Federal court opinions below the Supreme Court level (see, People v Handre, 94 Misc 2d 217, 220, and cases cited therein). In the absence of a Supreme Court decision, we must follow the precedent of our Court of Appeals set in United Press Assns. (supra) and Westchester Rockland (supra) (see, Matter of *74 Schnitzler, 179 Misc 957, affd 290 NY 885; Davis v Sharp, 30 NYS2d 441, affd 265 App Div 825; 1 Carmody-Wait 2d, NY Prac § 2:52).
It cannot be denied that the Supreme Court has, since Gannett (supra), narrowed the breadth of United Press Assns. (supra). This has been in the area of recognizing a constitutional right, previously unacknowledged, of the public and press to attend certain judicial proceedings. The press and public were deemed to have a Federal constitutional right, for example: to attend criminal trials (Richmond Newspapers v Virginia, 448 US 555); to hear the trial testimony of an infant victim of a sexual assault (Globe Newspaper Co. v Superior Ct., 457 US 596); to hear the voir dire examinations of potential jurors (Press-Enterprise Co. v Superior Ct., 464 US 501).*
The United States Supreme Court has not eroded United Press Assns. (supra) by any holding that would suggest that it, as distinct from lower Federal courts or other State courts, has found a Federal constitutional right to access to court documents. If anything, the suggestion has been to the contrary. In Seattle Times Co. v Rhinehart (467 US 20), the court precluded two newspaper defendants in a libel suit from publishing information that they had learned by conducting examinations before trial. The court held that a litigant — even a newspaper having a free-press interest — "has no First Amendment right of access to information made available only for purposes of trying his suit” (467 US, at p 32).
The Seattle Times court (supra) supported its holding by citing Zemel v Rusk (381 US 1). That court affirmed the Secretary of State’s denial of the appellant’s application to travel to Cuba, ostensibly to see for himself the conditions in that country. In response to the appellant’s claim of a 1st Amendment right, the court recognized that "the Secretary’s refusal to validate passports for Cuba renders less than wholly free the flow of information concerning that country” (p 16). Nonetheless, the court held that "[t]he right to speak and publish does not carry with it the unrestrained right to gather information” (p 17).
Whatever analogy we are able to draw from Seattle Times (supra) and Zemel (supra) and apply to the instant petition, we *75 conclude that, in the absence of a Supreme Court finding of a Federal constitutional right, we are bound by the rulings of the Court of Appeals.
The petition must be denied.

 From these cases, our brother, Justice John W. Grow, has found a Federal constitutional right in the press and public to attend a final parole revocation hearing (Matter of Herald Co. v Board of Parole, 131 Misc 2d 36).