In the Matter of the Estate of CHARLES E. KELLEY, Deceased. ALICE J. H. KELLEY, Appellant; NEAL DOW BECKER, as Executor, etc., of CHARLES E. KELLEY, Deceased, and GEORGE W. DONALDSON, Respondents.— Decree of the Surrogate's Court of Putnam county unanimously affirmed, without costs, on the ground that appellant had no vested, irrevocable interest in the policy of her husband, Charles E. Kelley, deceased, and that it was not her property which was applied in satisfaction of her husband's debt. When the husband executed his certificate on August 15, 1932, revoking the designation of his wife as the absolute beneficiary and redesignating her as beneficiary subject to the assignment to the Manufacturers Trust Company, he thereby diminished her interest in the policy pro tanto and, in effect, constituted the trust company the primary beneficiary to the extent necessary to satisfy its loan to him and appellant, the secondary beneficiary, as to any residue which may remain. Under section 52 of the Domestic Relations Law and section 55-a of the Insurance Law, the wife may acquire a vested irrevocable right to the proceeds of the policy, free from the claims of the husband's creditors and representatives, only if the husband die without exercising his reserved right to change the beneficiary in accordance with the provisions of the policy.

Here the husband exercised that right to the extent necessary to satisfy his loan. Hence, when the trust company applied the proceeds of the policy to the payment of the loan, it was not utilizing appellant's property and she could not be subrogated to the rights of the bank with respect to the stock of the Fairview Foundry Incorporated. Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.