In the Matter of the Estate of Louis S. Oppenheimer, Deceased.

Surrogate's Court, New York County, January 11, 1938.

*Moses & Singer* [*Henry B. Singer* and *Felix A. Fishman* of counsel], for the executors.

*Proskauer, Rose & Paskus*, for Marcus A. Rothschild, deceased.

*Stroock & Stroock*, for the Montefiore Hospital for Chronic diseases.

*Saul Kaplan*, special guardian on behalf of Derek Oppenheimer, infant.

*Strasbourger & Schallek*, for the Hebrew Orphan Asylum of the City of New York.

*Hollander & Bernheimer*, for Hazel Oppenheimer.

*Myers, Goldsmith & Behr* [*Osmand K. Fraenkel* of counsel], for The Public National Bank and Trust Company of New York, as trustee of a life insurance trust of Louis S. Oppenheimer, deceased.

FOLEY, S. The executors in Schedule I of the account have properly allocated the Federal estate tax and any additional amount that may be payable thereon by way of a deficiency to the trustee under the insurance trust created by the decedent in his lifetime. Since the estate of the decedent, aside from the insurance paid to the trustee as beneficiary, is insolvent, the creditors of the estate cannot be charged with any portion of the estate taxes.

Section 124 of the Decedent Estate Law provides for the proration of taxes by the surrogate among the persons interested in the estate " in the proportion, as near as may be, that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate." The property, interests or benefits referred to are those received from the decedent by way of purchase or descent, and not those received by way of administration expenses or claims against the decedent. These latter items are deductible in arriving at the taxable net estate. (Tax Law, § 249-s.) Section 124 of the Decedent Estate Law specifically provides that in making the proration, allowance shall be made for " any deductions allowed by such act for the purpose of arriving at the value of the net estate." It is only after debts and administration expenses have been paid that a proration of taxes is to be made among those sharing in a distribution of the assets. The term " person interested in the estate," as defined in section 249-m of the Tax Law, includes only those who take an interest in the estate " under a will, or intestacy, or by reason of any of the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers " enumerated in section 249-r

of the Tax Law. The definition does not embrace creditors of the estate who participate in the assets by reason of claims against the decedent and not from or through him by way of gift or descent.

The decree to be entered may contain a provision directing the trustee of the insurance trust to reimburse the executors for the estate taxes paid by them. (Dec. Est. Law, § 124, subd. 2.)

Submit decree on notice settling the account accordingly.