In the Matter of the Accounting of JACOB LANDAU et al., as Executors of CHARLES CUMMINGS, Deceased.

Surrogate's Court, New York County, April 23, 1951.

*Landau & Friedman* for executors, petitioners.

*Root, Ballantine, Harlan, Bushby & Palmer* for Memorial Hospital for the Treatment of Cancer and Allied Diseases, respondent.

*Alfred Rathheim,* special guardian for Charles Cummings and another, infants, respondents.

FRANKENTHALER, S. The widow of deceased has asserted a claim against the estate for the payment to her of the sum of $7,967.66 previously deducted from the proceeds of a life insurance policy, of which she was the beneficiary, to discharge a loan made to the testator by the United National Bank of Long Island. Objections to the allowance of the claim have been interposed in this proceeding for the settlement of the account of the executors by the special guardian for the infant son of deceased, an income beneficiary of the residuary trust.

The facts have been stipulated and may be summarized as follows. On June 26, 1941, the deceased borrowed the sum of $6,000 from the United National Bank assigning as collateral three insurance policies on which loans to the issuing companies were then outstanding. The proceeds were used for the purpose of paying off the indebtedness to the companies and the small balance remaining was paid to the decedent. The testator's wife who was named as beneficiary of the policies joined in the assignment and became a comaker on the note to the bank. Thereafter, a payment of $2,500 was made in reduction of the indebtedness and subsequently a new loan of $8,000 was obtained, secured by the same policies as collateral, and evidenced by a second note in which the testator's wife, though receiving none of the proceeds, again joined as comaker. Part of the money

was used to discharge the original obligation to the bank and the surplus was paid to deceased. At his death, the sum of $7,967.66 then owing was deducted by the bank from the proceeds of one of the assigned policies and the balance was turned over to the beneficiary.

It is a rule of general application that hypothecated policies are not to be regarded as the primary and exclusive source of payment of the insured's loans unless the facts affirmatively establish that that was his intention. In the case of a loan made by the issuing company secured by the assignment of the policy such an intention appears for no true obligation of repayment arises and the transaction results simply in the reduction of the total insurance benefit (*Matter of Hayes,* 252 N. Y. 148; *Davis* v. *Modern Ind. Bank,* 279 N. Y. 405). Under such circumstances the beneficiary will generally be held entitled only to payment of the proceeds, as diminished, with no right of recoupment against the insured's estate for the difference between that amount and the face value of the policy (*Davis* v. *Modern Ind. Bank, supra; Wagner* v. *Thierot,* 203 App. Div. 757, affd. 236 N. Y. 588). The contrary is ordinarily true of loans obtained by the insured from outside sources where the policy is pledged as collateral. Should the proceeds then be employed to discharge the indebtedness the beneficiary will be subrogated to the lender's right to enforce a claim against the estate in an amount equal to the loan (*Chamberlin* v. *First Trust Co.,* 172 Misc. 472; *Matter of Reinhold,* 68 N. Y. S. 2d 347; *Matter of Jones,* 81 N. Y. S. 2d 386; *Matter of Stafford,* 98 N. Y. S. 2d 714; 160 A. L. R. 1397). The distinction in treatment and the difference in result have been criticized as artificial (*Matter of Van Hoesen,* 192 Misc. 689, 694) but as previously pointed out, departure from the rule is permissible only when expressly authorized by the deceased insured. Such is not the fact here.

So strong is the current of authority that it would not be overstating the matter to say that a presumption in favor of subrogation attaches as a consequence of this type of loan. In *Matter of Kelley* (251 App. Div. 847) and *Matter of Lamport* (71 N. Y. S. 2d 414) where enforcement of the beneficiary's claim against the estate was denied there were very strong indications of the insured's intention to charge repayment of his indebtedness exclusively to the policies. In the *Kelley* case, when the bank loan was negotiated the borrower revoked the designation of his wife as beneficiary, redesignating her as secondary beneficiary subject to the assignment of the policy to the bank, thus evidencing the insured's intention that only the

equity in the policy above the amount of the loan should be received by the beneficiary. Here, there was no such revocation by Mr. Cummings, the deceased, nor was there such redesignation of the widow as secondary beneficiary. The *Kelley* case is therefore inapplicable. Nor is *Matter of Lamport* (*supra*) controlling. In that case, an outstanding loan with the insurance company was replaced by a bank loan for the sole purpose, as the court pointed out, of effecting a saving of four percent annually in interest charges for the benefit of the beneficiaries as well as the insured. In the case at bar, the widow, at decedent's request, joined in the assignment of the policies to the bank and also became a joint maker of the note, thus rendering herself personally obligated to the bank as an accommodation maker, the estate of the deceased remaining as to her primarily liable. Moreover, inasmuch as decedent had full power to assign the policies his request that petitioner join with him was a recognition of her inchoate right to the full amount of the insurance proceeds. These facts evidence deceased's intention that payment of the note should not be exclusively charged to the policies but that the beneficiary should receive the full proceeds of the policies assigned by her, and if the proceeds be employed to pay the note the beneficiary should be subrogated to the bank's claim on the note against the estate. The claim is allowed.

The fees of the attorney for the estate have been fixed in the amount requested. The allowance so made shall include any commissions which would otherwise be payable to the attorney as an executor. It shall also cover all legal services rendered to the executor up to and including the date of the entry of the decree settling the final account of the executors and all legal services rendered to the trustees to the date of the account herein.

Submit decree on notice overruling the objection of the special guardian to the payment of the claim and settling the account as filed.