Breitel, J.
This is an action for a declaratory judgment. Plaintiff is named as a beneficiary in one of six life insurance policies assigned as collateral security for a bank loan, made to the deceased insured. The principal issue is whether the debt to the bank should be allocated proportionately among the six policies, and the balances remitted to the beneficiaries of the several policies, or whether the entire value of the policy in which plaintiff is named as a beneficiary should be applied first to the bank debt, before the remainder of the debt should be allocated proportionately among the five other policies. A second issue is whether the named beneficiaries are entitled to recoupment by way of subrogation, of the proportionate amounts allocated to the bank debt, from the estate of the deceased insured.
The face amounts of the six insurance policies aggregate $131,800. The policy in which plaintiff is named as a beneficiary is in the face amount of $25,000. The face amount of the bank debt is $54,877. When the bank loan was first negotiated, and it was originally for a lesser sum, each of the six policies designated various of the individual defendants as beneficiaries, either as individuals or as trustees. Each of the policies reserved to the insured the right to change the beneficiary. Some time after the $54,877 note was executed to consolidate the bank debt, the beneficiary of the $25,000 policy in particular question here was changed from Rosie Scheer (mother of the insured) to “ Modern Industrial Bank, 116 Fifth Avenue, New York 11, N. Y. as its interest may appear and the balance if any shall be paid to Hazel Friedlander, intended wife.” The designations of beneficiaries in the other policies remained unchanged. They were, variously, Rosie Scheer, mother of the insured, May Scheer, wife of the insured, and Seymour Scheer and Julius Meyrowitz, trustees under an indenture of trust for the benefit of May Scheer and in certain contingencies for Rosie Scheer, with remainders over.
*902 As a result of the claims of the various beneficiaries, the bank did not collect on the policies, describes itself as a stakeholder, seeks direction from the court, and claims interest on the debt and attorney collection costs pursuant to the bank note.
It has been decided several times that an assignment of a life insurance policy as collateral for a debt of the insured, does not prevent the vesting of the interest of a beneficiary named in the policy, although subject to change by the insured, upon the death of the insured. Under those circumstances, the primary obligation for the debt is that of the estate of the insured, and in the event the creditor collects out of the policy a right of subrogation from the estate descends to the beneficiary. (Matter of Stafford, 278 App. Div. 612, affg. 98 N. Y. S. 2d 714; Matter of Cummings, 200 Misc. 467; Matter of Van Hoesen, 192 Misc. 689; Matter of Jones, 81 N. Y. S. 2d 386; Matter of Kelley, 160 Misc. 421, affd. 251 App. Div. 847, motion for leave to appeal denied 276 N. Y. 689; Chamberlin v. First Trust & Deposit Co., 172 Misc. 472. See Wagner v. Thieriot, 203 App. Div. 757, affd. 236 N. Y. 588.)
But the situation has been sharply distinguished where the insured has designated the creditor as a beneficiary and named another as a secondary beneficiary, or when, as in Matter of Kelley (supra) the beneficiary designation was revoked and the new designation of the same beneficiary made subject to the assignment of the policy as collateral for the debt. In these circumstances, the courts have held, or said, that the insured expressed an intention that the policy should be applied to the debt as a primary allocation, and no right of subrogation arises from the estate to the designated secondary beneficiary. (Wagner v. Thieriot, supra; Chamberlin v. First Trust & Deposit Co., supra; Matter of Van Hoesen, supra; Matter of Cummings, supra; Matter of Kelley, supra.)
Plaintiff seeks to distinguish these authorities on the ground that in the instant case the designation of the bank as a primary beneficiary occurred after the execution of the last bank note. This is immaterial. Authorities agree that where the power to change beneficiaries is reserved, the insured continues to possess that power even during an assignment of the policy as collateral for a debt. Hence, there is no reason to assume that such a designation made after the creation of the debt rather than at the time of the creation of the debt implies any different intention as to whether the policies or the funds of the estate of the insured shall constitute the primary source from which the debt shall be paid. And it is the manifested intention of the insured that the courts have sought to enforce. Indeed, *903 it is upon such an analysis of the manifested intention of the insured that this plaintiff succeeded in another action upon the very policy involved here. (Scheer v. New York Life Ins. Co., 109 N. Y. S. 2d 77.) Moreover, the desire to apply a policy to the payment of a debt need not reflect any interest in the creditor, but an interest in the beneficiaries of the estate, or some other purpose not now possible to divine. What is clear now is what the insured did. To speculate beyond what the evidence shows is not only improper, but fruitless of basis for sound conclusion.
The fact that the beneficiary change forms were drawn by other than the insured and that the bank had evinced no interest in the redesignation insofar as benefit to itself is concerned, does not supply the deficiency of proof that insured intended that plaintiff should benefit from his insurance in similar degree as his other beneficiaries. This is so when examined against the fact that the form of designation is clear and express. It is perilous to speculate beyond the manifest expressions of insured. It is just as easy to speculate that he intended to give plaintiff only the remotest of interests and desired for the benefit of his other beneficiaries to allocate this policy to the debt in the first instance.
It is similarly Immaterial that in the Kelley case (supra) which plaintiff seeks to distinguish, that the beneficiary wife had unconditionally guaranteed the loan. Certainly, in that case the opinions of the court below and in the Appellate Division do not in the ratio decidendi turn on that distinction. Moreover, the fact that the wife had personally guaranteed the loan would supply evidence of motive to give her a right of subrogation rather than otherwise. She was not a joint borrower, she was a guarantor.
Accordingly, the entire value of the $25,000 policy particularly discussed should be applied first to the debt, the remainder of the debt should be apportioned among the other five policies in the ratio that the entire value of each bears to such remainder of the debt. On the principles laid down in the authorities cited above, the several beneficiaries of the five policies shall be entitled to proportionate recoupment from the estate of the insured to the extent that its assets permit.
The bank claims an attorney collection fee pursuant to the consolidated note. The note provides: “ If this note be placed with an attorney for collection, the undersigned shall pay 10% of the indebtedness, hereby allowed towards defraying the cost of the attorney’s services, plus all expenses of collection.” The note was never placed with an attorney for collection. Hence, *904 the clause is not operative. (See, in accord, Levin v. Simon, N. Y. L. J., July 16, 1947, p. 97, col. 1.)
The bank is entitled to interest on the debt since the date when the debt matured. The estate of insured always had power to make tender to stop the running of interest. The bank had no obligation to reduce the collateral to cash. It may look to the personal obligation of the debtor. The option is that of the creditor. (Ketcham v. Provost, 156 App. Div. 477, 484, affd. 215 N. Y. 631; First Trust & Deposit Co. v. Potter, 155 Misc. 106, 110; 72 C. J. S., Pledges, § 52.) Any other view would convert the creditor’s option to elect as between collateral and the debtor personally for satisfaction of the debt, into a mandated alternative. The bank is entitled to interest at 3%, the rate having been stipulated upon the trial.
The foregoing constitutes the decision of the court. Settle judgment in accordance therewith.