Collins, S.
The court holds that the balance of the loans in question is not primarily a charge against the estate of the decedent but was a loan against the insurance policies and that the entire balance of the loan is chargeable against the policy of the Equitable Life Assurance Company. Under the decision in Matter of Kelley (251 App. Div. 847) which was referred to and discussed in Friedlander v. Scheer (1 Misc 2d 899), the action of the testator in changing the beneficiary of the Equitable policy as a part of the loan transaction and directing that the amount due on the loan be deducted from the proceeds of the policy is sufficient to take the case out of the general rule that when a loan is obtained on the security of insurance policies from a third party the proceeds of the policy are not deemed the *887 primary source of payment of the loan. The action of the testator after the death of his wife in 1949 is a clear indication that he intended that if the bank loan were outstanding at the time of his death it should be paid exclusively out of the proceeds of the Equitable policy because while he left the Mutual policy payable to his estate without any expressed statement subjecting it to the rights of the lending bank, he changed the Equitable policy so that his daughter Adine was the sole primary beneficiary and he made this designation specifically subject to the assignment to the bank and directed that the amount claimed by the bank be deducted and paid to it in a single sum. Since the issues before the court have been determined entirely upon the papers submitted, as a matter of law, the motion to strike out the testimony of the witness who testified as to the intention of decedent at the time the loan was made is granted.
Submit decree on notice accordingly.