Charles H. Griffiths, S.
The petitioners request a determination as to the apportionment of estate taxes pursuant to section 124 of the Decedent Estate Law.
Paragraph “ Sixth ” of the decedent’s will, which was executed on January 14, 1935, provides, in part, as follows: “ All transfer, inheritance and estate taxes upon any of the legacies herein shall be paid out of my residuary estate.” (Emphasis added.)
The will contains no other provision with respect to the allocation of taxes. There is no evidence in the will of any intent that nontestamentary benefits should not bear their prorata share of estate taxes pursuant to section 124 of the Decedent Estate Law. (Matter of Appel, 189 Misc. 417.)
On December 31, 1934, the testator created an inter vivos trust and directed that the income therefrom be paid to himself during his lifetime and upon his death to his wife during her lifetime. Upon the death of the survivor of the two income beneficiaries the indenture provides that the remainder is distributable among the issue of the decedent and his wife, per stirpes.
Under date of November 14, 1941, the decedent entered into a separation agreement with his present widow and simultaneously executed two inter vivos trusts, which were incorporated by reference in the agreement. By the terms of one of said trusts the income is directed to be paid to the decedent during his lifetime. Upon his death the remainder is to be divided among the issue of the grantor and his widow, per stirpes, with provision for contingent gifts over in default of such issue. The shares of the children of the testator in being at the time of the creation of the trust are to be held in further trust during their respective lifetimes. The income of the second trust is payable to the decedent’s widow during her lifetime or until her remarriage. Upon termination the remainder is disposed of in the same manner as the trust for the benefit of the grantor.
The Director of Internal Revenue claims that the principal of all three inter vivos trusts is includible in the decedent’s gross estate pursuant to subdivision (c) of section 811 of the Internal Revenue Code (U. S. Code, tit. 26, § 811, subd. [c]).
Paragraph “ Fourteenth ” of the separation agreement provides: “ Fourteenth: The first party covenants and agrees to pay, out of his separate property, all gift, estate, inheritance, *934 succession and death taxes and duties, if any, in respect of this agreement and in respect of the trusts set forth in the trust agreement referred to in paragraph ‘ Ninth ’ hereof. This covenant shall be binding upon the executors, administrators, representatives and distributees of the first party.”
Testator died on May 13, 1948, and his will was admitted to probate on July 12, 1948. On October 1, 1952, the decedent’s widow executed a release to the estate of the decedent “ of all liability for the payment of estate, inheritance, succession and death taxes and duties in respect of those certain trusts established by said Robert Manning McKeon * * * pursuant to agreement between me and said Robert Manning McKeon made the 14th day of November, 1941 ”.
It is conceded that the 1934 trust must contribute the share of estate taxes apportionable to the value of the assets of such trust included in the decedent’s gross taxable estate.
The separation agreement constituted an agreement of settlement between the testator and his widow. The 1941 trusts were created as an integral part of such settlement and purported to constitute a discharge of the testator’s legal obligation to support his wife and children named in the agreement. The provisions of the trusts created in consideration of the separation agreement, and accepted by the widow, placed her in the position of a paid creditor of the decedent. (Matter of Brokaw, 180 Misc. 490, affd. 267 App. Div. 811, affd. 293 N. Y. 555.) Ordinarily, therefore, no estate taxes would be allocated against the trust assets. (Matter of Brokaw, supra.)
By paragraph “Fourteenth” of the separation agreement, hereinabove quoted, testator purported to charge estate taxes allocable to the trusts upon his testamentary estate. A direction against apportionment is valid as to both testamentary and nontestamentary transfers only if expressed in the will of a decedent. (Decedent Estate Law, § 124; Matter of Blumenthal, 180 Misc. 895, affd. 267 App. Div. 949, affd. 293 N. Y. 707; Matter of Halle, 270 App. Div. 619.) Such a direction in an inter vivos instrument is effective only as to the assets dealt with in such instrument. (Decedent Estate Law, § 124, subd. 1.) The court holds that the provision of the agreement purporting to charge estate taxes upon the testator’s testamentary estate was wholly ineffective to abrogate the mandatory provisions of the statute.
Moreover, paragraph “ Fourteenth ” of the separation agreement constitutes not only an enforeible contractual obligation between the testator .and his wife, but also an agreement for the benefit of third parties, i.e., their children and descendants of *935 their children. It follows that the aforesaid instrument executed by the widow is ineffective to release the rights of such third parties. (Knowles v. Erwin, 43 Hun 150, affd. 124 N. Y. 633; Seaver v. Ransom, 224 N. Y. 233; Weinberger v. Van Hessen, 260 N. Y. 295.)
The court accordingly determines that all Federal and New York estate taxes other than the amount apportionable to the 1934 trust, pursuant to section 124 of the Decedent Estate Law, must be charged to the testamentary estate. (Matter of Brokaw, supra.) To the extent that the testamentary estate is insufficient to pay in full taxes allocable to the 1941 trusts, any deficiency will bo charged to such trusts. (Matter of Halsted, 174 Misc. 292, affd. 261 App. Div. 892; Matter of Taylor, 116 N. Y. S. 2d 314.)
Settle decree on notice.