Collins, S.
This is a proceeding for the settlement of the account of the executor. Objections have been interposed by the widow of deceased based upon her claim as the beneficiary of insurance policies which had been pledged by the testator as security for loans made to him by the National Shawmut Bank of Boston, Massachusetts. The facts in connection with the transaction have been stipulated and conform in all important respects with those which were present in the decision of my colleague Mr. Surrogate Frankenthaler in Matter of Cummings (200 Misc. 467). Upon the authority of that case and the cases there cited the objections of the beneficiary are sustained, the court holding that she is entitled to recover from the estate the amount deducted from the proceeds of the policies held by the lending institution. Interest is allowed on the claim but there is to be credited against the total, payments made to the beneficiary from income earned during the course of the estate’s administration.
The first wife of the deceased from whom he had been divorced has filed objections to the allocation of $4,196.45 as a charge against her interest in the estate for contribution to the total of Federal and State estate taxes. In accordance with the provisions of their separation agreement the deceased had procured a policy of life insurance in which the objectant first wife was named as beneficiary to the extent of $20,000. It was provided that the deceased would execute a will bequeathing one third of his estate in trust less the proceeds of the insurance policy to the objectant for life. He performed the conditions of the agreement required on his part and named his first wife as a legatee in the manner indicated. It is her contention since it is agreed that the will contains no stipulation against apportionment of taxes that she was a contract creditor of the estate and had no obligation to contribute to the payment of such taxes as were levied against the estate. She cites in support of her position the decisions of this court in Matter of Brokaw (180 Misc. 490, affd. 267 App. Div. 811, affd. 293 N. Y. 555); Matter of Strebeigh (176 Misc. 381); Matter of Oppenheimer (166 Misc. 522), and Matter of Bloomingdale (278 N. Y. 435). Her objections are sustained for the facts are indistinguishable from those obtaining in the cases cited. The obligation of the deceased to procure a policy of life insurance under the agreement established a relationship between the objectant and himself as debtor and creditor. An estate creditor is under no obligation to contribute to the payment of estate taxes.
Submit decree on notice settling the account in accordance with the rulings herein made.