Desmond, J. (dissenting).
When defendant’s testator died in 1951, he owed about $20,000 on a loan which he had made from a bank in 1941, as collateral security for which loan he had pledged three policies insuring his life for a total of $35,000. In 1949 he had changed all three policies so as to designate his two daughters (plaintiffs) as equal beneficiaries thereof but those beneficiary changes were specifically stated in writing to be “ Subject to prior assignment ” to the bank. It seems to us (as it,did to Special Term and to the dissenting Justice at the Appellate Division) that the designation of these new beneficiaries “ subject to ” the bank’s assignment necessarily meant just this: that at the death of insured the bank was to collect the amount of its loan out of the policies, and that the daughters were to be beneficiaries to the balance only. The insurer did pay the bank the amount of the loan and paid the daughters the remainder. However, the daughters demanded of the executor that he pay them out of the estate a sum equal to that part of the policy proceeds paid by the insurance company to the bank. The executor refused and this suit was brought (one of the daughters has since withdrawn as a party plaintiff). Special Term granted the executor’s motion for summary judgment of dismissal but the Appellate Division reversed that order and denied the dismissal motion.
The question is: what was the meaning of, and can there be any question as to the meaning of, the written direction of the insured that these plaintiffs be beneficiaries “ subject ” to the rights of the bank? The only New York case directly in point seems to be Matter of Kelley (251 App. Div. 847, motion for leave to appeal denied 276 N. Y. 689). The language used by Kelley was the same as by our insured Walzer. Each made a new beneficiary designation “ subject to ” the bank’s assignment. The courts held in Kelley that the use of that language was in itself conclusive proof of the intent of the insured that the newly named or renamed beneficiary’s total rights were to be limited to the amount remaining of the life insurance after the bank loan should be paid. Subjecting beneficiary Kelley’s rights to the assignment diminished the beneficiary’s interest pro tanto, said the Appellate Division in Kelley, and constituted the bank the primary beneficiary and the wife a secondary beneficiary only. Since there is no operative difference between Kelley *16 and the present case, and since the Kelley result is in accord with the plain intent of this transaction, we should follow the Kelley rule here.
No one denies that the general estate is ordinarily the primary fund for payment of a decedent’s debts even when insurance policies are up as collateral for those debts. No one denies that, ordinarily, one who pays such a debt by deduction from insurance policy proceeds is entitled to subrogation into that general fund. But an insured-debtor may express and the courts must respect a definite intent that the payment of a loan made on the security of a policy be charged exclusively to that insurance policy. Surely, that was what decedent did here when he not only assigned the policies to his creditor but afterwards directed that the interests of the named beneficiaries be “ subject ” to the payment of the debt out of the policies. If the language of this change of beneficiary form did not mean that, it meant nothing. To go back now and try out a supposed fact question of actual intent would be to accept oral testimony as to the intent of a dead man in opposition to his own plain, careful written statement of intent.
We do not agree that application of the Kelley rule (supra) here means that in every such case the creditor (bank) can control the rights of the policy beneficiaries since the bank can make its own choice as to whether to collect from the insurance company or the estate. It may well be that, if this bank had gotten payment from the estate, the executor could have demanded from the daughters reimbursement for the amount the bank had so received from the estate. The theory then would be that the testator’s intent that the policies be the primary fund must be carried out, regardless of where payment of the debt comes from in the first instance. But in every case it is intent that matters. Intent that the beneficiaries have from any source so much money only as represents the surplus of the policy proceeds over the amount of the debt is here plain and uncontradicted. Accordingly, there is as matter of law no right to subrogation here.
The order should be reversed, with costs in this court and in the Appellate Division, certified questions 1 and 3 should be answered in the affirmative and certified question 2 in the negative, and defendant’s motion for summary judgment should be granted and judgment of dismissal entered.
*17 Conway, Ch. J., Dye and Burke, JJ., concur with Van Voorhis, J.; Desmond, J., dissents in an opinion in which Froessel, J., concurs; Fuld, J., taking no part.
Order affirmed, etc.