S. Samuel Di Falco, S.
At the conference previously held in this matter, it was agreed that all questions raised in this accounting proceeding be held in abeyance until this court passes upon the question raised by the objection to the account filed on behalf of Marie B. Porter, former wife of the decedent, from whom he was divorced on July 16, 1936.
On June 29, 1935, the decedent and Marie B. Porter entered into a separation agreement which was amended on June 13, 1936 under the terms of which the decedent, among other things, agreed to take out and maintain upon his life, insurance policies in the sum of $100,000 payable to Marie B. Porter as beneficiary. Ownership of said policies was vested in the said Marie B. Porter. The decedent abided by his agreement and up to a time shortly prior to his death, paid all premiums due thereon. The validity and the continued rights of Marie B. Porter under said agreement have been previously passed upon and upheld by prior decree of this court.
In the subsequent Federal estate tax proceedings, the taxing authorities included the proceeds of life insurance policies payable to Marie B. Porter in the gross taxable estate and assessed a tax against «same. The executors of the estate seek, in this proceeding, to apportion the tax paid on such insurance proceeds to Marie B. Porter pursuant to section 124 of the Decedent Estate Law. The ¿Etna Life Insurance Company has withheld a portion of the life insurance proceeds payable to Marie B. Porter for possible payment of the apportioned tax.
*182 The first paragraph of the objections to the account states that the said Marie B. Porter is a contract creditor of the estate for the full amount of the life insurance proceeds payable under the terms of the separation agreement and also is a paid creditor of the decedent by reason of her ownership of the insurance policies; that as such contract and paid creditor, she is not liable for payment of any estate taxes levied against the estate.
Her objection is sustained. The case at bar is on all fours with Matter of Cordier (1 Misc 2d 887). The decedent was under a contractual obligation to procure and maintain life insurance policies upon his life in favor of his former wife in a stipulated amount. She was vested with ownership of said policies and was entitled upon his death to receive the exact amount contracted for. The amount due a contract creditor of an estate is not subject to diminution by reason of the payment of estate taxes. (Matter of Brokaw, 180 Misc. 490, affd. 267 App. Div. 811, affd. 293 N. Y. 555; Matter of Strebeigh, 176 Misc. 381; Matter of Oppenheimer, 166 Misc. 522; Matter of Bloomingdale, 278 N. Y. 435; Matter of McKeon, 4 Misc 2d 931; Matter of Blakeslee, N. Y. L. J., Sept. 23, 1957, p. 6, col. 7.)
Proceed accordingly.