John D. Bennett, S.
In this accounting proceeding the Manufacturers Hanover Trust Company, as trustee of an inter vivos trust created by an agreement dated April 30, 1921, between the decedent and his former wife, Dorothy F. Arnold, has filed an answer and objections to the account of the executors. The objections, which are made on several bases, relate to statements in the petition on accounting and to schedule ‘ ‘ J ” insofar as same apportion Federal and State estate taxes in the sum of $73,569.54 against Manufacturers Hanover Trust Company, as trustee of the trust created by the agreement dated April 30, 1921.
The decedent entered into a separation agreement with his former wife, Dorothy F. Arnold, on April 30, 1921, which in part provided (art. VIII) for delivery of certain securities and cash to the trustees, to collect and receive the income, and after deducting necessary and proper expenses, to pay the net income to Dorothy F. Arnold for life. Upon her death the principal of the trust was to be paid to the decedent, if alive. In the event the decedent predeceased Dorothy F. Arnold, the principal of the trust would pass under a power of appointment to be exercised by the decedent by will, and in the event of the decedent’s failure to exercise the power of appointment, the principal remaining would be distributed to those who would take in intestacy.
The decedent’s will states in paragraph sixth: “I do not exercise my power of testamentary appointment under Article VIII of an Agreement dated April 30, 1921 between myself and Dorothy F. Arnold, now Dorothy F. Wagstaff.”
Therefore, upon the death of his former wife, Dorothy F. Arnold, the corpus of the separation agreement trust for her benefit will pass to the persons who would be entitled to inherit same if the decedent had died intestate.
On July 18, 1951, the decedent executed a second inter vivos trust agreement providing for income to the settlor for life and for distribution of the corpus on his death to various beneficiaries, with the residuary of said corpus in trust for the benefit of his son, F. Cameron Arnold, for life, and then to the decedent’s issue surviving.
Subdivision 1 of paragraph second of this second trust agreement provides as follows: “1. The Trustees shall pay all of the Grantor’s debts and funeral expenses and all administration *697 expenses, including estate and inheritance taxes, in connection with the settlement of Grantor’s estate passing under his Last Will and Testament and under this Agreement. ’ ’
On July 19,1951, decedent executed the last will and testament admitted to probate in this court on March 10,1954. Paragraph first of this will reads as follows: ‘ ‘ Under an agreement between myself as Grantor and Jesse Knight and Eugene W. Goodwillie as Trustees, dated July 18, 1951, I have made ample provision for my wife, Mary K. Arnold, and for any issue of mine, and have provided that all my debts, funeral and administration expenses and inheritance and estate taxes with respect to the property passing under this my Will, be paid by the Trustees out of the funds held by them under said Agreement.”
The petitioners, as executors of the decedent’s estate, have submitted their account for judicial settlement. In schedule “ J ” of said account, Federal and State estate taxes are apportioned against the first trust created in the separation agreement dated April 30,1921, in the sum of $73,569.54.
The trustee under that separation agreement contends that where a husband provides for his wife by settlement in such an agreement as we have in this case, whereby she receives such settlement in consideration of her relinquishing her right to support by her husband and her right in her husband’s estate, that the wife stands in the position of a creditor and that apportionment of taxes out of the corpus of the trust for her benefit would diminish the amount of the income she is entitled to receive, which is not permitted in the case of a creditor or one who stands in the position of a creditor.
The fact that the value of the remainder interest of the trust created in the separation agreement was included in the taxable estate of the decedent, both Federal and State, and the fact that the taxes were paid out of the trust created July 18, 1951, are uncontroverted.
The special guardian for the infants joins with the executors in urging apportionment of the taxes against the trust corpus of the separation agreement trust.
The contention of the trustee under the separation agreement depends upon the law as stated in Matter of Brokaw (180 Misc. 490, affd. 267 App. Div. 811, affd. 293 N. Y. 555). In that case, by the terms of a separation agreement, the decedent agreed to pay his wife $2,500 per month for her maintenance and the maintenance of the only child of the marriage. Under that agreement the husband had the right to terminate his obligation to pay the sum of $2,500 per month by creating a fund for the wife’s benefit in the sum of $425,000. He availed himself of that privilege, and *698 created a trust of $425,000, with income to his wife. Upon the decedent’s death a portion of this trust fund was included in his taxable estate. The executors applied to the Surrogate for a construction of the decedent’s will, and for a direction apportioning the taxes pursuant to section 124 of the Decedent Estate Law. The learned Surrogate held (p. 492), on the basis of paragraph first of Mr. Brokaw’s will, that “If the issue presented were dependent solely upon the interpretation to be given to the foregoing clause, an apportionment against the inter vivos trust, pursuant to section 124 of the Decedent Estate Law, would be directed.”
Section 124 of the Decedent Estate Law provides in part for the apportionment of death taxes, except where the testator otherwise directs in his will or where he executes a nontestamentary instrument providing for payment out of a particular fund dealt with in that instrument.
The learned Surrogate then proceeded to analyze the status of decedent’s wife, and determined on the basis of Matter of Oppenheimer (166 Misc 522) and Matter of Strebeigh (176 Misc. 381) that in spite of an intention to apportion, she was in the position of a paid creditor and there could be no apportionment of estate taxes.
The Appellate Division, First Department, affirmed the decision of the Surrogate, without opinion, by a 4 to 1 decision, Martin, P. J., dissenting.
The Court of Appeals affirmed as follows:
‘' Per Curiam. In the light of circumstances of record surrounding the execution of the decedent’s will we read the ‘ First ’, ‘ Fourth ’ and £ Fifth ’ paragraphs thereof as declaratory of his intention that no part of any death taxes which might be levied against his estate should be apportioned, under section 124 of the Decedent Estate Law, against funds of the inter vivos trust created by a deed of trust, dated June 12, 1929, executed by the decedent, as settlor, and by Guaranty Trust Company of New York and Ann Clare Brokaw, as trustees.
“ The order should be affirmed, with costs payable out of the estate.”
The decision of the Court of Appeals was a 4 to 3 decision, in which Judge Desmond expressed the view of the minority in a precise and detailed dissenting opinion.
In the case at bar, the special guardian points out in his memorandum of law that the Court of Appeals’ decision relied strictly on the question of intent of the testator to relieve this particular fund from the burden of apportionment.
*699 This court has read carefully all the cases cited by the parties in the matter presently before the court. With respect to Matter of Brokaw (supra) and the cases which have followed, citing Matter of Brohaw as authority for the proposition that a settlement in favor of a wife within a separation agreement places her in the position of a paid creditor, this court is of the opinion that to reach such a conclusion requires a reading into the decision of the Court of Appeals in Matter of Brokaw (supra) of something which this court does not find, namely, the intention of the Court of Appeals to affirm the decision of the Appellate Division and of the Surrogate in the Brohaw case on a ground other than the testator’s intent that death taxes be paid from funds other than those set aside for the benefit of the testator’s wife.
As has already been poined out in this decision the Surrogate, in his decision in the Brohaw case, stated that if the testator’s intention were the only factor, that apportionment would be directed. The Court of Appeals apparently did not agree with that conclusion, since in its decision the only basis mentioned on which the court affirmed the lower court was a finding that it was the testator’s intent, as found by the Court of Appeals, gleaned from his will and the circumstances surrounding its execution, that there be no apportionment pursuant to section 124 of the Decedent Estate Law.
In the case at bar, the court has carefully analyzed the agreement herein dated July 18, 1951, and more particularly the provisions with respect to payment of estate and inheritance taxes (par. Second, subd. 1) previously set forth at length herein, and the circumstances surrounding the making of said agreement. After considering the terms of the separation agreement dated April 30, 1921, and decedent’s will dated July 19, 1951, in connection therewith, this court finds that the only provision which decedent made for payment of death taxes in lieu of apportionment, pursuant to section 124 of the Decedent Estate Law, applies only to his estate passing under his will and the agreement of July 18, 1951. Accordingly, unless there exists some other valid reason for not apportioning death taxes against the trust corpus of the trust for the benefit of decedent’s former wife herein, then such apportionment must be made.
This court is without power to alter the amount of the taxes levied upon this estate. Both the State and Federal Governments have included the corpus of the trust for the benefit of the decedent’s former wife in the taxable estate. The tax has been paid without objection by any of the parties. Section 124 of the Decedent Estate Law is clear on the subject of apportion *700 ment of taxes in the creation of trusts. Subdivision 2 of section 124 of the Decedent Estate Law, as amended by chapter 822 of the Laws of 1950 reads: “2. In the absence of directions to the contrary, where a trust is created, or other provision made whereby any person is given an interest in income, or an estate for years, or for life, or other temporary interest in any property or fund, the tax apportionable against both such temporary interest and the remainder thereafter shall be charged against and shall be paid out of the corpus of such property or fund without apportionment between remainders and temporary estates. The provisions of subdivision two hereof shall apply notwithstanding that the holder of the temporary interest is given rights to the corpus, but shall not apply to a common law annuity.”
In the light of the language employed in this section, the classification of the decedent’s former wife in the same position as a paid creditor of the decedent would require the court to indulge in a fiction which does not seem to this court basically sound. If the former wife is to be so regarded, it would seem that either the taxing authorities or the Legislature should amend the statutes to so provide. The inconsistency is obvious as Judge Desmond points out in the dissenting opinion in Matter of Brokaw (supra, p. 562): “ If, at this decedent’s death, his wife had actually been his creditor in the sense that he owed her a debt, then that debt would not have been added into the gross tax estate, but would have been a deduction therefrom.”
Furthermore, the Brohaw case is distinguishable from the case now before this court in that there the decedent and his wife entered into a separation agreement which provided for her a definite sum of money each month. By that agreement the decedent had the option to replace the set monthly amount with the income of a trust to be created with a corpus of a definite sum of money. The wife of the decedent in the Brohaw case, because of the obligation upon her husband to pay her a definite amount of money or to establish a trust for her benefit in a definite sum could be considered as being in the position of a paid creditor. These are not the facts in this case. Here, although the list of assets included in the separation agreement trust were attached to the agreement, the decedent’s former wife agreed in the first instance to accept the income which would not necessarily be a definite amount due to the power of the trustees to sell the securities and reinvest the proceeds.
The argument that the decedent’s former wife relinquished certain of her rights in reliance upon her receiving a set sum which cannot be diminished seems to be somewhat tenuous. In *701 the present case the decedent’s former wife agreed to accept the income from the trust which must fluctuate with the increase and decrease in value of the trust assets. Further, the parties must be presumed to have contracted with full knowledge of the possible impact of taxes, both State and Federal, upon the value of the trust assets.
In the light of the facts of the case at bar and the evaluation of Matter of Brohaw (supra) and the cases which have relied thereon with respect to the status of decedent’s former wife, Dorothy F. Arnold, this court is of the opinion that the trust established for her benefit must bear its prorata share of death taxes.
No objection has been made to the method of computing the amount to be apportioned, and accordingly said apportionment will be sustained as set forth in the account.
Objection Fourth interposed by the trustee herein is to the application of section 124 of the Decedent Estate Law to the case at bar, on the ground that it would be violative of both the State and Federal Constitutions because it would impair the obligation of a contract and deprive the trustee and the decedent’s former wife, as beneficiary of the trust, of the due process of the law. This court cannot agree with the object ant in these conclusions. The tax was imposed in the present ease upon the decedent’s estate at the time of his death. Any payment by way of proration or apportionment arises out of the inclusion of particular assets within the decedent’s gross taxable estate. The decedent herein died on February 7, 1954. Section 124 of the Decedent Estate Law was enacted in 1930. The parties are hold to have contemplated the exaction of such taxes pursuant to the statutes applicable at the date of death of the decedent (Matter of Galewitz, 3 A D 2d 280; Matter of Ryle, 170 Misc. 450).
The objections interposed by the trustee are dismissed and the account of the executors will be settled as filed.