Joseph A. Cox, S.
At a time when the testator maintained a checking account and a thrift account with a trust company he executed and delivered to the trust company his promissory note in the amount of $17,000. As security for the payment of the note the testator assigned a policy of the Prudential Life Insurance Company and a policy of the National Life Insurance Company in each of which his wife was named as beneficiary. By the terms of the note the bank balances on deposit to the credit of the testator constituted further security. It also was agreed that such security would apply to subsequently incurred obligations of the testator. Two weeks later the testator executed and delivered to the trust company another promissory note in the amount of $10,000.
Upon the testator’s death his indebtedness on the two notes, amounting to $27,351.40, was satisfied by the trust company from the proceeds of the insurance policies. At this time there was a balance of $3,027.11 in the testator’s checking account and a balance of $5,209 in his thrift account. The latter account was subject to a pledge, concededly prior to the claim of the trust company, and the sum of $3,250 was paid from the proceeds of the thrift account to this secured creditor. The representative of the testator’s estate holds the net balance of these bank accounts totaling $4,986.11.
It is the claim of the testator’s widow, as beneficiary of the insurance policies, that she is subrogated to the rights of the trust company and is entitled to reimbursement from the estate of the amounts by which the insurance proceeds were diminished in the satisfaction of the debt due to the trust company. This contention is supported by authority (Walzer v. Walzer, 3 N Y 2d 8) and is challenged here only because it is the position of the widow that she has a prior claim to the bank balances. The estate is insolvent and, by reason of this fact, application of the principle of subrogation will prevent the full payment of creditors ’ claims.
The concept of placing life insurance proceeds beyond the reach of the insured’s creditors is not new in the law and, while some suggestion has been made in this proceeding that section 166 of the Insurance Law might be applicable, the record is barren of proof in support of that intimation.
Although there is no dearth of decisions holding that an insurance beneficiary is entitled to recover from an estate the amount deducted from insurance proceeds by a lending institution (Walzer v. Walzer, supra; Friedlander v. Scheer, 281 App. Div. 808, affg. 1 Misc 2d 899; Matter of Stafford, 278 App. Div. 612, affg. 98 N. Y. S. 2d 714; Matter of Cummings, 200 Misc. 467; *20 Matter of Cordier, 1 Misc 2d 887; Chamberlin v. First Trust & Deposit Co., 172 Misc. 472; Matter of Van Hoesen, 192 Misc. 689), there does not appear to be a clear precedent in this jurisdiction upon the precise issue here presented. It was said in Friendlander v. Scheer (supra, p. 902) that “ the primary obligation for the debt is that of the estate of the insured, and in the event the creditor collects out of the policy a right of subrogation from the estate descends to the beneficiary.” In Matter of Stafford (supra), which was cited as one of the authorities for this quoted statement, it was said that in such a situation the insured’s beneficiary becomes subrogated to the rights of the bank. If the beneficiary is entitled to recover from the estate for the reason that the debt is the primary obligation of the estate, it would seem that the position of the beneficiary would be no better than a general creditor of the estate. However, if the beneficiary is subrogated to all the rights of the lender, the beneficiary is in the position of a secured creditor of the estate. The cited opinions indicate that the beneficiary is in the latter category.
An early decision which has played a major role in the development of the theory upon which the cited cases rest is Barbin v. Moore (85 N. H. 362; Ann. 83 A. L. R. 77). In that case a policy of life insurance was pledged by the insured for the payment of a debt which also was secured by a mortgage on real property. There, as here, the insurance was resorted to for the payment of the debt and the estate was unable to pay the insured’s general creditors in full. The claim of the beneficiaries was not asserted as a creditor of the estate but upon the basis that a fund belonging to the beneficiaries by subrogation came into the hands of the estate representative. It was held that this position was sound and the beneficiaries had the privilege of electing to pursue the security or to proceed as successors to the lender’s general claim against the estate.
It would seem that the rationale of Barbin v. Moore (supra) is consistent with the reasoning of the decisions in this jurisdiction and that an extension of such reasoning to meet the facts of the instant case would require the conclusion that the insurance beneficiary, as a subrogee of the lending bank, is entitled to enforce her claim against the bank accounts. There is nothing to indicate that the insured had any contrary intent (cf. Matter of Kelley, 251 App. Div. 847, affg. 160 Misc. 421). Insofar as the bank balances in the hands of the administrator may be inadequate to satisfy the widow’s claim her position as to any unpaid balance is that of a general creditor.
*21 With respect to the widow’s claim premised upon Policy No. 2,384,648, issued by the Massachusetts Mutual Life Insurance Company, the beneficiary has a claim against the estate as a general creditor. In this instance the loan was secured by the insurance policy only and, inasmuch as this sole security was exhausted to partially compensate the lender, the beneficiary of the insurance policy does not have a secured position. The widow contends that she is the beneficiary of Policy No. 1,508,784 issued by the Massachusetts Mutual Life Insurance Company despite the fact that a formal designation of her as beneficiary in conformity with the policy requirements was not accomplished. In support of this the widow asserts that the insured intended to accomplish a change and, inasmuch as he did all that he could to effectuate the change, his intention should not be defeated (Greenfield v. Massachusetts Mut. Life Ins. Co., 253 App. Div. 51). This argument relies upon a memorandum of an insurance agent which was attached to the policy but that memorandum is merely an interpretation of the policy to which it was annexed. The memorandum, in describing the beneficiaries, paraphrases a designation of beneficiaries attached to the policy and dated January 25, 1946. Concededly the insured changed the beneficiary in 1951 and designated his estate as the recipient of the insurance proceeds. The fact that this change was not indorsed upon the original policy is explained by the insured’s mistaken representation to the company that the original policy had been lost. It would seem that the memorandum of the insurance agent was made without knowledge of the 1951 change and, whether or not this be so, it is clear that the statements of the agent were premised upon the terms of the original policy to which his memorandum was annexed. The contention that this memorandum evidences a change of beneficiary subsequent to 1951 is not borne out by the available facts.