Millard L. Midonick, S.
This is an application by the executor to apportion, and direct payment of, estate taxes against two inter vivas trusts. Petitioner also seeks to have the trusts assessed costs for determining the estate taxes and for prosecuting this application.
Decedent had four successive wives. He established in 1958 and 1965 inter vivas trusts as security for the payment of *1018 alimony to his second and third wives, both of whom survived him. Pursuant to the terms of each trust, if he or his estate ever failed to make the required payment, the trustee was to make the payment out of the corpus of the trust. In the case of the third wife, the 1965 trust was established as a contractual obligation of their separation agreement. The gross estate for Federal tax purposes included these two inter vivas trusts. As a result the amount of taxes for which these trusts are responsible is allegedly 59.9% of the total taxes both for Federal and State.
The law is clear that this court cannot review the assessment of taxes, including the requirement that nontestamentary assets be computed in the gross estate, but is relegated to a determination of how this assessment should be apportioned (Matter of Singer, 80 Misc 2d 1006, 1009; Matter of Lipshie, 30 Misc 2d 306, 311). As to the nontestamentary assets in this instance, the inter vivas trusts, the will provided for the apportionment of Federal and State taxes and for the pro rata payment thereof from these two trusts. Although these two wives challenge that testamentary directive, the general policy in this State favors apportionment unless there is a direction in the will to the contrary. (Matter of Kindermann, 21 NY2d 790; Matter of Shubert, 10 NY2d 461; Matter of Schuchman, 51 Misc 2d 541; EPTL 2-1.8.) These trusts must bear their burden for payment of taxes (Matter of Arnold, 36 Misc 2d 695; cf. Matter of Galewitz, 3 AD2d 280, affd 5 NY2d 721; but cf. Matter of Brokaw, 293 NY 555, affg on other grounds 180 Misc 490, affd 267 App Div 811).
In both the Brokaw and Arnold cases cited above, the income from the trusts in question were payable to the wives as alimony. In this case the income was payable to the decedent or to his estate, and the estate, through a residuary trust, was required to make the payments of alimony. Therefore, the argument raised in the two cases above that payment of taxes would decrease the amount of alimony is not available herein, and may not ever have been available (dissenting opinion, Matter of Brokaw, supra; Matter of Arnold, supra).
As the learned Surrogate Bennett held in Matter of Arnold (supra, at p 701), the parties to a separation agreement "must be presumed to have contracted with full knowledge of the possible impact of taxes, both State and Federal, upon the value of the trust assets.” Since the estate is taxed on the basis of the value of these trusts which are security for the *1019 alimony payments, these beneficiaries are not truly creditors. If they were, the inclusion of the value of the trusts would be offset by a deduction of an equal amount, thereby not creating an additional tax. Furthermore, no constitutional impairment of the obligation of contracts is involved, because any reduction in the security by way of proration or apportionment arises out of the inclusion of the trust assets within the decedent’s gross taxable estate. The parties to those contracts and to the trusts are held to have contemplated the exaction of such taxes pursuant to the statutes applicable at the date of death of the decedent. (Matter of Galewitz, supra; Matter of Arnold, supra; Matter of Ryle, 170 Misc 450; cf. Matter of Brokaw, supra).
Accordingly, based upon the general State policy favoring apportionment and the equitable and legal considerations, the inter vivas trusts must bear their pro rata share of the taxes, both Federal and State, out of the principal of the trusts.
The application is granted to the extent of directing that the inter vivas trusts bear their pro rata share of the taxes and is denied as to the payment of petitioner’s expenses.