OPINION OF THE COURT
Ernest L. Signorelli, S.
In this accounting proceeding, the decedent’s first wife is objecting to the account filed which provides that she and her two sons make a pro rata contribution to the payment of estate taxes. The parties have stipulated to waive an evidentiary hearing and agreed to submit the matter to the court for a determination predicated on the papers filed herein, i.e., the pleadings and affidavits in support thereof, the account, and the litigants’ memoranda of law. Although the sons of the objectant have not appeared in this proceeding, the parties have agreed that the court should apply the same rule for or against the apportionment of estate taxes to the objectant and her sons.
The deceased and his first wife entered into a separation agreement, wherein he agreed to designate her as the beneficiary of a life insurance policy. He, additionally, agreed to bequeath and devise at least one seventh of his estate to each of two sons of his marriage to the first wife. Decedent also entered into a separation agreement with his second wife, wherein he agreed to maintain a life *1022 insurance policy for the benefit of his second wife and another such policy for the benefit of a son of his second marriage. The deceased complied with the terms of both separation agreements. There is no provision in his will with regard to the apportionment of estate taxes.
The taxing authorities deducted the life insurance proceeds payable to the second spouse from the decedent’s gross estate for estate tax purposes, but included therein the life insurance proceeds payable to the first spouse and the son of the second marriage as well as the testamentary disposition of one seventh of this estate to each of the two sons from the first marriage. In her account, the executrix proposes to apportion the estate tax generated by the inclusion of said life insurance proceeds and said testamentary dispositions to the recipients thereof. The objectant is contesting the executrix’ request that the estate taxes be prorated.
This State’s tax apportionment statute, EPTL 2-1.8, provides in pertinent part as follows: “(a) Whenever *** a fiduciary has paid or may be required to pay an estate or other death tax * * * the amount of the tax, except in a case where a testator otherwise directs in his will * * * shall be equitably apportioned among the persons interested in the gross tax estate”. The term, “persons interested in the gross tax estate”, as defined in the law “does not embrace creditors of the estate who participate in the assets by reason of claims against-the decedent ánd not from or through him by way of gift or descent.” (Matter of Oppenheimer, 166 Misc 522, 524; Matter of Galewitz, 3 AD2d 280; SPCA 103, subd 39.)
Objectant contends that the property which she and her two sons received was in satisfaction of the decedent’s contractual obligations under a separation agreement and, therefore, they are creditors of the estate against whom there should be no apportionment. Although the executrix concedes that the objectant is a contract creditor, she maintains, nevertheless, that apportionment is appropriate in those cases where a decedent has made a disposition which descharged an obligation of the decedent if the disposition is not allowable as a deduction in determining the estate taxes on the decedent’s estate.
*1023 The Court of Appeals in Matter of Brokaw (180 Misc 490, affd 267 App Div 811, affd 293 NY 555) decided that decedent’s former spouse who claims under a separation agreement is a contract creditor and is, therefore, exempt from the payment of estate taxes. The decedent therein, pursuant to the terms of a separation agreement, created an inter vivas trust for the benefit of his former spouse. On his death, a portion of that trust fund was included in his taxable estate. Surrogate Foley in dealing with this question stated that: “This is not a situation in which the decedent in his lifetime voluntarily created an interest in property which on his death is included in the gross taxable estate and in the absence of a contrary direction in the will must bear its proportionate share of the taxes *** Here the obligations of the decedent to his first wife were definitely fixed in the separation agreement. The inter vivas trust was established by him to fulfill those legal obligations. When the wife accepted the provisions of the trust in satisfaction of her rights under the separation agreement her position was that of a paid creditor of the decedent.” Matter ofBrokaw, 180 Mise 490, 493, supra.)
In Matter of McKeon (4 Misc 2d 931) not only was the former spouse found to be a creditor of the deceased, but it was also decided that the testamentary dispositions for the decedent’s children were the result of an enforceable contractual obligation between the deceased and his children, who were third-party beneficiaries of the separation agreement. (Weinberger v Van Hessen, 260 NY 294.) There have been other cases which have similarly held that a former spouse claiming under a separation agreement is a contract creditor and therefore not obligated to contribute to the payment of estate taxes (Matter of Cordier, 1 Misc 2d 887; Matter of Porter, 12 Misc 2d 180). In both the Cordier case and the Porter case, the decedent obligated himself under a separation agreement to designate his former spouse as beneficiary of a life insurance policy and further obligated himself in the Cordier case to make a testamentary disposition for the former spouse’s benefit.
In support of her contention that apportionment is appropriate in the instant case, petitioner cites Matter of Arnold *1024 (36 Misc 2d 695), Matter of Singer (80 Misc 2d 1006), and Matter of Dominick (90 Misc 2d 1017).
However, her reliance upon the foregoing precedents is misplaced because they are irrelevant. In Matter of Arnold, the Surrogate ruled that Brokaw was not controlling since the facts in the two cases are distinguishable. The Surrogate reasoned that although the spouse’s trust interest involved a definite amount in Brokaw, and she could, therefore, be considered as being a paid creditor, in Arnold, the monetary interest of the former spouse was indefinite in that the trustees had the power to sell and reinvest trust assets.
In the Dominick case, the Surrogate decided that estate taxes should be apportioned inasmuch as the inter vivas trust had been established by the decedent and pledged only as security for the decedent’s alimony obligations under a separation agreement. In Singer the decedent had breached a separation agreement entered into with his former spouse by failing to provide adequate life insurance for his children. Although the Surrogate ruled that the children were claimants of the estate, he inexplicably held that they were not creditors of the estate for estate tax purposes.
In any event, I disagree with my learned colleagues, the Surrogates who decided the Arnold, Singer and Dominick cases, and I am of the opinion that the holding in the Brokaw case which was affirmed by the Court of Appeals should govern. A separation agreement is not dissimilar to any other valid and enforceable contract. The decedent’s former spouse, in reliance upon his representation that he would procure the agreed upon life insurance policies and make certain testamentary dispositions, gave up certain valuable marital rights, including her statutory rights to his estate. The decedent and the objectant, by entering into the separation agreement established a relationship with respect to each other of debtor and creditor. Had the decedent during his lifetime violated any of the provisions thereof, he would have been held legally liable to her in a court of law. The decedent’s. representative is similarly obligated under the separation agreement and the wife is *1025 entitled to recover thereunder a debt undiminished by estate taxes.
I, therefore, hold that the former spouse herein and her children are contract creditors of the decedent against whom estate taxes cannot be apportioned since they are not persons “interested in the gross tax estate” as provided for in EPTL 2-1.8. In view of the court’s ruling, I further find that in the interests of justice the interest of the son of the second marriage is similarly exempt from the payment of estate taxes.